THE STATE EX REL. HEATH, APPELLANT, *v.* STATE
MEDICAL BOARD OF OHIO ET AL., APPELLEES.

[Cite as *State ex. rel. Heath v. Ohio State
Med. Bd.* (1992), 64 Ohio St.3d 186.]

(No. 91–1860—Submitted April 27, 1992 Decided July 15, 1992.)

*Lindhorst & Dreidame* and *Thomas M. Tepe,* for appellant.

*Lee I. Fisher,* Attorney General, and *Susan C. Walker,* for appellees.

*Per Curiam.* R.C. 4731.23(D), provides:

"The board shall render a decision and take action within sixty days following the receipt of the hearing examiner's proposed finding of fact and conclusions of law or within any longer period mutually agreed upon by the board and the certificate holder."

Clearly, the board did not take action within the sixty-day period. However, the court of appeals sustained appellees' motions to dismiss, finding:

"The underlying contention of relator is that * * * respondents lack jurisdiction because they did not act timely. Again, the remedy of appeal constitutes an adequate remedy at law. * * * [T]here is no statutory provision that failure to act timely deprives respondent board of the jurisdiction to act * * *.

"This is not a case where an administrative tribunal is either totally without jurisdiction to act or is usurping jurisdiction which it does not possess."

Appellant contends that the issue is whether the board was required to act within sixty days or be deprived of its jurisdiction to revoke his certificate. Appellees reply that the real issue is whether the decision of the court of appeals, sustaining their motions to dismiss based upon the availability of an adequate legal remedy, was an abuse of discretion.

As we stated in *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429, 430, 575 N.E.2d 181, 183: "The issue presented is whether the court of appeals, in refusing to issue the writ [of mandamus], abused its discretion." We then quoted *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, to the effect that when, in a mandamus action, it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, the court lacks authority to exercise jurisdictional discretion and is required to deny the writ. So too here. R.C. 119.12 provides a statutory appeal from the order of an agency revoking a license. The court of appeals determined that appellant had an adequate remedy by way of this appeal. We agree and find no abuse of discretion.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.