**In re HEATH.**

[Cite as *In re Heath* (1992), 80 Ohio App.3d 605.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–404.

Decided Dec. 17, 1992.

*Lindhorst & Driedame* and *Thomas M. Tepe,* for appellant Robert B. Heath, M.D.

*Lee Fisher,* Attorney General, and *Susan C. Walker,* Assistant Attorney General, for appellee State Medical Board of Ohio.

WHITESIDE, Judge.

In support of his appeal, appellant, Robert B. Heath, M.D., raises five assignments of error, as follows:

1. "The State Medical Board of Ohio lacked jurisdiction to revoke the medical license of Dr. Heath at its May 8, 1991 meeting because of its failure to comply with the mandatory provisions of § 4731.23(D), of the Ohio Revised Code."

2. "The order of the state medical board is not supported by reliable, probative and substantial evidence."

3. "The board's order is in error since the citation letter sent to Dr. Heath specified dates certain as to when allegedly offensive activities were to have occurred, but the hearing officer, over objection, permitted, and relied upon, testimony significantly earlier or otherwise outside the time specified in the citation letter."

4. "The appellant was prejudiced by the hearing officer's grant of Matt Miller's motion to testify by way of deposition in lieu of live testimony in that only 48 hours were available to prepare for Miller's questioning."

5. "The order is in error in that, despite the hearing examiner's instruction to the complaining witness to answer a question posed by Dr. Heath, the witness refused to do so; and the board failed to take any steps to apply to the common pleas court to compel the witness to answer under penalty of contempt."

■ By his first assignment of error, appellant contends that appellee, State Medical Board of Ohio ("State Medical Board"), lacked jurisdiction to revoke his medical license because it failed to comply with the mandatory provision of R.C. 4731.23(D), which reads as follows:

"The board shall render a decision and take action within sixty days following the receipt of the hearing examiner's proposed findings of fact and conclusions of law or within any longer period mutually agreed upon by the board and the certificate holder."

Approximately forty days after the report and recommendation of the hearing examiner was filed, the State Medical Board considered the matter but was unable to render a determination by a majority vote because four members of the board abstained. Thereupon, the board by motion continued the matter until a time sixty-eight days after the filing of the hearing examiner's report. As noted, R.C. 4731.23(D) mandates that the decision of the board be made within sixty days after receipt of the hearing examiner's report, and a decision herein was made eight days after expiration of that

sixty-day period. There is no suggestion that the longer period was mutually agreed upon by the board and appellant.

Appellant filed an original action in this court seeking a writ of prohibition, or alternatively a writ of mandamus, upon the contention that, by virtue of the medical board's decision being eight days late, R.C. 4731.23(D) caused the board to lose jurisdiction over the matter. We expressly found that appellant in that case did not allege a claim for relief in either prohibition or mandamus. *State ex rel. Heath v. Ohio State Med. Bd.* (July 11, 1991), Franklin App. No. 91AP–514, unreported, 1991 WL 127412, affirmed (1992), 64 Ohio St.3d 186, 593 N.E.2d 1386. We further stated in that opinion that: " * * * Assuming the time requirements of R.C. 4731.23(D) are mandatory, there is no statutory provision that failure to act timely deprives respondent board of the jurisdiction to act * * *[.]" We also found the remedy of appeal to constitute an adequate remedy at law, noting that it was not a case where the board was totally without jurisdiction to act.

Although our prior decision would appear to be dispositive, we shall address the basic issue again. R.C. 4731.23(D) does impose a mandatory duty upon the State Medical Board to act within sixty days after the receipt of the hearing examiner's report. Merely because an administrative tribunal has a mandatory duty to act within a certain period of time does not mean that the board loses jurisdiction if it does not act within such mandatory period of time. Appellant relies upon *State ex rel. Hannan v. DeCourcy* (1969), 18 Ohio St.2d 73, 47 O.O.2d 193, 247 N.E.2d 465. Paragraph one of the syllabus in *Hannan* does indicate that the duty imposed by R.C. 4731.23(D) is mandatory; however, that paragraph is not authority for the proposition that the board loses jurisdiction if it does not act within the prescribed time. Appellant's basic contention that the board lost jurisdiction over the matter is without merit. To the extent that the sixty-day requirement of R.C. 4731.23(D) is mandatory, a subsequent action of the board would not be reversed on appeal unless the appellant demonstrates prejudice, and in that event it will be remanded for a new determination. Here, appellant has suggested no prejudice to him as a result of the eight-day delay. Rather, the argument made by appellant in his fourth assignment of error even suggests that the hearing should have been further delayed. In this case, an initial hearing was held within the requisite sixty-day period, but action was tabled since several board members abstained, and a four-to-two vote was insufficient for revocation. At the subsequent hearing, six board members voted to adopt the recommendations of the hearing examiner, with five members abstaining. The action was appropriately within the jurisdiction of the board. The first assignment of error is not well taken.

■ By his second assignment of error, appellant contends that the order of the State Medical Board is not supported by reliable, probative, and substantial evidence. The citation notice to appellant from the State Medical Board contained three separate allegations: (1) that appellant had pled guilty to four counts of contributing to unruliness or delinquency of a child, misdemeanors of the first degree, which under the circumstances constituted a misdemeanor involving moral turpitude; (2) that appellant engaged in sexual activity with a minor countless times, which conduct would constitute a felony under R.C. 2907.03(A)(2) and 2907.05(A)(1); (3) that appellant engaged in sexual conduct with another minor, which would constitute a misdemeanor in violation of R.C. 2907.06(A)(1) and (2). After a lengthy hearing, the hearing examiner recommended a finding that all three charges were substantiated, and that appellant's certificate to practice medicine and surgery be revoked. This recommendation was adopted by the State Medical Board.

■ The essential test in administrative appeals before the common pleas court is whether the findings are supported by reliable, probative, and substantial evidence, with the court being permitted to engage in a limited weighing of the evidence. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. The common pleas court, like the State Medical Board, found the evidence sufficient to support a finding that all three charges were correct. Our function differs slightly in that on factual matters we generally review only the issue of abuse of discretion by the common pleas court; whereas, on questions of law, including the question of whether the evidence is legally sufficient to constitute reliable, probative, and substantial evidence, this court does substitute its judgment for the common pleas court.

Here, there is no question but that appellant pled guilty to four misdemeanor counts. Appellant testified that he believed he pled guilty only to providing alcohol to minors, which in and of itself would justify action against appellant. However, the evidence adduced indicates the underlying factual basis for the charges to which appellant pled guilty involved sexual activity with minor boys, as well as furnishing alcohol to them.

The hearing examiner found that appellant "utilized alcohol to ply his minor victims and then initiated sexual activity with them." There is substantial evidence in the record supporting this conclusion of the hearing examiner and medical board. The same is true with respect to the other two charges. The victim under the second charge, also a minor, testified that appellant engaged in sexual activity with the minor frequently after the minor consumed alcohol or was intoxicated. Likewise, the victim under the third charge, also a minor at the time of at least some of the occurrences, testified as to appellant's

conduct in support of the charge. In short, there was reliable, probative, and substantial evidence supporting the charges and the findings of fact of the hearing examiner adopted by the State Medical Board. The second assignment of error is not well taken.

■ By the third assignment of error, appellant contends that the trial court erred in permitting evidence of appellant's conduct other than on the specific dates set forth in the citation letter. However, as the hearing examiner pointed out, the complaint upon the criminal charges to which appellant pled guilty did not set forth specific dates but, instead, alleged that the conduct occurred on or about a date consistent with the statute of limitations. Appellant has demonstrated no prejudice, even assuming that the testimony referred to was improperly admitted. However, the trial court, in its written decision, correctly stated that:

" * * * Dr. Heath was on notice that his acts which culminated in the convictions concerning contributing to the unruliness of Matt Miller, Brant Weber, John Lohman, and Tim Clarke were the subjects of the Board's concern in issuing this citation letter. Certainly, their testimony regarding the ongoing course of conduct which led up to these convictions is relevant and material, and Appellant was specifically on notice of them. * * * "

Also, as noted by the common pleas court, dates were specifically alleged only with citations two and three of the citation letter; whereas, citation number one regarding the four convictions "necessarily involve[d] all of the conduct which led up to appellant's arrest and conviction and was properly admitted by the hearing officer." These comments by the common pleas court indicate a proper exercise of discretion, not an abuse of discretion with respect to conclusions and admission of the testimony. Accordingly, the third assignment of error is not well taken.

■ By his fourth assignment of error, appellant contends that he was prejudiced by the hearing officer's permitting the testimony of one of the four minors by way of deposition, rather than live testimony, because he was given only forty-eight hours' advance notice of the taking of the deposition. The reason for permitting testimony by deposition was that the witness was going to be unavailable at the time of trial because he was required to report for duty with the United States Coast Guard on the day that his testimony would otherwise be scheduled.

Appellant contends that no independent verification had been secured as to the witness's unavailability because of his being on duty with the Coast Guard. Also without verification, appellant contends that "it appears" that the witness "never left Ohio and was at all times subject to subpoena and a

live appearance." Civ.R. 32(A)(3) permits use of a deposition " * * * against any party who was present or represented at the taking of the deposition *or* who had reasonable notice thereof. * * * " Appellant initially relies upon the reasonable notice provision, but that provision is in the disjunctive, with the first being parties who were represented at the taking of the deposition, which appellant was. In other words, appellant had full opportunity to cross-examine the witness at the time the deposition was taken, even though he contends that his counsel had inadequate time to prepare for the taking of the deposition in only forty-eight hours.

Civ.R. 32(A)(3) permits the use of a deposition of a witness if the witness (1) "is beyond the subpoena power of the court," or (2) "resides outside of the county in which the action is pending." There are other circumstances set forth in the rule under which the trial court may permit a deposition of a witness to be used at trial; however, the two circumstances quoted above appear to be ones that would apply here. The statute does not directly provide that Civ.R. 32 apply with respect to proceedings before a hearing examiner of the State Medical Board, although there are references in the statute (R.C. 4731.22) to the Civil Rules, as well as a reference that the proceedings shall be considered "civil actions" for the purpose of R.C. 2305.-251. Also, there is a reference to the privilege of R.C. 2317.02(B). Nevertheless, the hearing examiner could not be considered to have abused his discretion or acted improperly in the admission of evidence if the procedure is in accordance with the Civil Rules. Moreover, R.C. 119.09 provides that the taking of depositions in administrative adjudication hearings shall be "in the same manner as is prescribed by law for the taking of depositions in civil actions."

Appellant has failed to demonstrate an abuse of discretion on the part of the hearing examiner in permitting the use of the deposition of the one witness or any prejudice resulting to appellant because the witness testified by way of deposition, rather than by live testimony at the hearing. The transcription of the deposition contains some one hundred ninety-six pages, with the cross-examination consuming sixty-nine of these pages, and the recross-examination an additional nineteen pages. The cross-examination appears to be thorough and complete. In addition, it appears that the hearing examiner attended the deposition, even though it was not taken before him, his attendance being at the request of counsel for the parties. Although appellant contends that his counsel had insufficient time for adequate preparation, nothing in the record reflects inadequate preparation, and appellant has suggested nothing that counsel could have done in preparation that would have varied the cross-examination of the witness by appellant's counsel. No abuse of discretion on the part of the hearing examiner in permitting the taking and use of the

deposition has been demonstrated. Accordingly, the fourth assignment of error is not well taken.

■ By the fifth assignment of error, appellant contends that, even though one of the complaining witnesses was ordered by the hearing examiner to answer a question posed by appellant, the witness refused to do so. The error is the alleged failure of the State Medical Board to take steps to compel the witness to answer the question pursuant to the procedure of R.C. 119.09. In reviewing this matter, the common pleas court stated:

"Matt Miller, on advice of counsel, refused to answer Dr. Heath's question regarding whether or not he had discussed with anyone other than a physician the fact that he has received psychiatric counseling. * * * The Board refused to apply to the Common Pleas Court for a contempt order though requested to do so by counsel for Appellant. * * * This testimony may well have been privileged and Miller's attorney recognized that fact in instructing him not to answer. The Hearing Examiner was present and, although he ordered Miller to answer, chose not to pursue the matter in this Court. The statute leaves the matter to the discretion of the Board, and the Board chose not to exercise that discretion. In light of the grueling cross-examination of Miller by Appellant, this Court cannot find that Dr. Heath was prejudiced by this failure to act by the Board."

This inquiry consumed some twelve pages of the cross-examination alluded to above. The witness previously had indicated that he had previously received psychiatric counseling and possibly been hospitalized. The series of questions was whether the witness had discussed the fact that he had received psychiatric counseling or treatment with various persons. The purpose apparently was somehow to demonstrate a waiver of the statutory privilege. Whether the witness had discussed the fact that he had received psychiatric treatment or counseling with other persons would not *per se* constitute a waiver of the privilege under R.C. 2317.02. Nor has appellant demonstrated any other reason for the relevancy of the questions involved. In other words, an affirmative answer to the questions posed would not have demonstrated a waiver of the doctor-patient privilege, and appellant has cited no authority for the contended proposition that a waiver could be demonstrated in this fashion. In short, had the board acceded to appellant's request and requested an order from the common pleas court pursuant to R.C. 119.09 to order the witness to respond, such request would, under the record herein, have been denied. See *Moore v. Grandview Hosp.* (1986), 25 Ohio St.3d 194, 25 OBR 259, 495 N.E.2d 934, and *Harpman v. Devine* (1937), 133 Ohio St. 1, 9 O.O. 347, 10 N.E.2d 776. Neither error nor prejudice having been demonstrated, the fifth assignment of error is not well taken.

For the foregoing reasons, all five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and DESHLER, J., concur.