RIFFE, Appellant,

v.

OHIO REAL ESTATE APPRAISER BOARD, Appellee.

[Cite as *Riffe v. Ohio Real Estate Appraiser Bd.* (1998), 130 Ohio App.3d 46.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18966.

Decided Sept. 23, 1998.

*Lester S. Potash,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Kenneth F. Affeldt,* Assistant Attorney General, Cleveland, for appellee.

SLABY, Presiding Judge.

Appellant, Sandra L. Riffe, appeals an order of the Summit County Court of Common Pleas affirming a decision of the Ohio Board of Real Estate Appraisers that suspended her appraiser's license for six months and ordered her to attend a total of thirty hours of continuing education classes without credit. We affirm.

On July 29, 1994, appellant prepared a real estate appraisal on a property located at 1148 Reed Avenue in Akron. A complaint was made about errors in the appraisal, and on December 17, 1996, a hearing was held on charges that appellant violated R.C. 4763.11(G)(5) and (7), which incorporate provisions of the Uniform Standards of Professional Appraisal Practice Rules ("USPAP"). Specifically, appellant was charged with presenting misleading information in her appraisal by overestimating the size of the home appraised ("subject"), misstating facts about three comparable homes ("comparables"), and attaching pictures of the wrong homes to descriptions of the comparables.

The hearing officer found that appellant misstated information about the subject and comparable properties by (1) overstating the size of the subject by six hundred seventy-six square feet, (2) stating that two of the comparables ("comparable one" and "comparable two") were frame rather than brick construction, (3) representing that comparable two had one, rather than two, bathrooms, (4) stating that a third ("comparable three") did not have central air conditioning, and (5) attaching photographs of the wrong houses to descriptions of the three comparables. The hearing officer's findings of discrepancies were based on information contained in the PACE data system, which provides detailed information about property sales and characteristics. The hearing officer concluded:

"[Appellant] clearly and justifiably adjusted the PACE data relative to the square footage at subject property. With respect to the judgment determinations of the number of bathrooms in [comparable two] and the existence of air conditioning at [comparable three], [appellant] appears to have rightfully questioned the PACE data, but needed to further her suspicions as to those factors in order to avoid making inaccurate assumptions about the existence of those amenities. As a consequence of error with respect to either or both those factors,

there is no question that there would be a material improper adjustment(s) to value which would affect her assigned valuation for subject property after analysis.

"* * * By her use of erroneous photos, [appellant] may have incorrectly noted [that comparables one and two] were of frame construction when in actuality they were brick. This would mean that an accurate adjustments [sic] for value of the type of construction for two comparables were not made. These likely materially affected the value assigned the subject property * * *."

The hearing officer found that appellant "render[ed] appraisal services in a careless and negligent manner" in violation of R.C. 4763.11(G)(5) and (G)(7).

On February 28, 1997 the Ohio Real Estate Appraiser Board ("Board") adopted the hearing officer's report and ordered:

"[Appellant] is found to have violated Ohio Revised Code Section 4763.11(G)(5) * * * and one count of violating Ohio Revised Code Section 4763.11(G)(7)[.] * * * Further, that her license is hereby suspended for a period of six (6) months and that she must complete the Uniform Standards of Professional Appraisal Practice course (15 classroom hours), a 15 hour course in the Principles of Appraisal and a 15 hour course in the Practice of Appraisal prior to reactivating her license. No credit shall be given for continuing education credit for these courses."

She appealed to the Summit County Court of Common Pleas pursuant to R.C. 119.12. On February 17, 1998, the trial court affirmed the Board's decision. Appellant timely appealed to this court, raising one assignment of error:

"The trial court erred in affirming the state agency's suspension of [Appellant's] residential real estate appraiser's license."

Appellant argues that the trial court abused its discretion in affirming the decision of the Board to revoke her license. She maintains that the Board's delay in processing the complaint violated her right to due process of law and that the Board's decision was not supported by a preponderance of substantial, reliable, and probative evidence. We address these arguments in turn.

Courts of common pleas are the first avenue of appeal following an administrative agency hearing. R.C. 119.12. The court of common pleas may "affirm the order of the agency complained of in the appeal if it finds * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." *Id.*

Reviewing courts act with a high degree of deference toward administrative findings, "based upon the assumption that [administrative bodies] have accumulated expertise in their own content area." *Joudah v. Ohio Dept. of Human Serv.* (1994), 94 Ohio App.3d 614, 617, 641 N.E.2d 288, 290, fn. 2. Courts must give "due deference" to interpretation of the technical and ethical requirements of a profession provided by its administrative body. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748, syllabus; *Riffe v. Ohio Real Estate Appraiser Bd.* (June 24, 1998), Summit App. No. 18734, unreported, at 4, 1998 WL 332924 (*"Riffe I"*).

The court of appeals must affirm the judgment of the common pleas court unless it finds that the prior decision is not supported by "a preponderance of reliable, probative and substantial evidence" as a matter of law. *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 613, 693 N.E.2d 219, 223. The court applies an abuse-of-discretion standard in making this determination. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241; *Reese v. Bd. of Trustees of Copley Twp.* (June 30, 1998), Summit App. No. 18738, unreported, at 4, 1998 WL 405027; *Riffe I, supra,* at 5. To constitute an abuse of discretion, action by the trial court must be more than an error of law or judgment: it must be so violative of fact and logic as to demonstrate perversity of will. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1251–1252. It must be unreasonable, arbitrary, or unconscionable. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343, 345.

Appellant's first argument is that the delay between the filing of the complaint and formal charges against her violated R.C. 4763.11(A) through (D) and her right to due process of law. R.C. 4763.11(A) through (D) provide a timeline for the filing of complaints against certificate and license holders. Although the Board concedes that it did not act within the timelines provided within the statute, it urges this court to affirm the trial court's decision that appellant was not prejudiced by the delay.

When an administrative board fails to meet the timelines provided in R.C. 4763.11(A) through (D), the board nevertheless retains jurisdiction over the matter. See *In re Heath* (1992), 80 Ohio App.3d 605, 608, 609 N.E.2d 1346, 1348. Absent a showing of prejudice, a board's subsequent determination in the matter will not be overturned on appeal. *Id.* Civ.R. 61 states that "[a] court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Appellant contends that the Board's error denied her right to due process of law. We disagree.

Due process is a flexible concept, and the procedures required vary as demanded by circumstances. *Morrissey v. Brewer* (1972), 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494. " 'Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.' " *Id.*, quoting *Cafeteria & Restaurant Workers Union v. McElroy* (1961), 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230, 1236.

At a minimum, the constitutional guarantee of due process requires that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Boddie v. Connecticut* (1971), 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 119. While the Board did not comply with the timelines prescribed in R.C. 4763.11(A) through (D), appellant was not subject to any prehearing deprivation. She was unrestricted in practicing as a real estate appraiser until the day her license was suspended. She was afforded both notice and a fair and adequate hearing before the Board suspended her license. Therefore, we conclude that the trial court did not abuse its discretion by holding that the Board did not deprive appellant of her license without due process of law.

Appellant's second argument is that the Board's decision was not supported by a preponderance of substantial, reliable, and probative evidence. Absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court or board. *Rossford Exempted Village School Dist.*, 63 Ohio St.3d at 707, 590 N.E.2d at 1241.

The Board found that appellant violated R.C. 4763.11(G)(5) and (7), which provide:

"The board shall take any disciplinary action authorized by this section against a certificate holder or licensee who is found to have committed any of the following acts, omissions, or violations during the appraiser's certification or licensure:

"* * *

"(5) Violation of any of the standards for the development or communication of real estate appraisals set forth in this chapter and rules of the board;

"* * *

"(7) Negligence or incompetence in developing an appraisal, in preparing an appraisal report, or in communicating an appraisal[.]"

The Uniform Standard of Professional Appraisal Practice (USPAP), Standards Rule 1–1, incorporated into the statutory regulations above, states:

"In developing a real property appraisal, an appraiser must:

"* * *

"(b) not commit a substantial error of omission or commission that significantly affects an appraisal;

"(c) not render appraisal services in a careless or negligent manner, such as a series or errors that considered individually, may not significantly affect the results of an appraisal, but which when considered in the aggregate, would be misleading."

USPAP Standards Rule 2–1(A) states:

"Each written or oral real property appraisal report must * * * clearly and accurately set forth the appraisal in a manner that will not be misleading[.]"

In comparing appellant's appraisal of 1148 Reed Avenue to information contained in PACE, the hearing officer noted several discrepancies. Appellant argues that she explained those discrepancies in her hearings before the hearing officer and the Board by stating that they were based on assumptions from her experience as an appraiser. The hearing officer noted this, but found that appellant did not take additional steps to confirm the accuracy of her assumptions. Appellant stipulated before the hearing officer that she had taken the photographs that were mistakenly attached to the appraisal, and that the volume of her appraisal work led to the mix-up. While appellant contended that the mistakes did not lead to a significant difference in how she would evaluate the properties, she conceded that a $2,000 difference would result from analyzing comparable one alone as a frame, rather than brick, construction.

There is no indication in the record that the trial court acted in an unreasonable, unconscionable, or arbitrary manner in concluding that the decision of the Board was supported by the preponderance of substantial, reliable, and probative evidence in affirming the Board's decision. Therefore, we cannot disturb the ruling of the trial court. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.[1]

*Judgment affirmed.*

BAIRD and DICKINSON, JJ., concur.

---

1. Our decision in this case is not affected by our prior holding in *Riffe I, supra.* In that case, we upheld the trial court's reduction of a six-month license suspension given to appellant for different, but similar, violations. Because the Board stated that appellant's suspensions were separate, but concurrent, there is no inconsistency in our holdings. Therefore, her sixty-day suspension upheld in *Riffe I* will run concurrently with her six-month suspension upheld in the instant case.