This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Respondent-Appellant James A. Arvay has appealed from an order of the Summit County Court of Common Pleas that granted Petitioner-Appellee Tammie L. Sigler's petition for a civil protection order. This Court reverses.
 I {¶ 2} On December 3, 2001, Ms. Sigler filed a petition for a domestic violence civil protection order ("CPO") in the Summit County Court of Common Pleas, Domestic Relations Division. Ms. Sigler's petition included a request for an ex parte emergency order. On the same day the petition was filed, the trial court granted an ex parte temporary CPO that ordered Mr. Arvay, inter alia: 1) not to abuse, threaten, or contact Ms. Sigler, and to maintain a distance of one hundred yards from her; 2) not to possess any deadly weapon; 3) to immediately vacate the residence he had been sharing with Ms. Sigler; 3) not to dispose of or remove any property owned or possessed by Ms. Sigler; 4) to pick up clothing and personal items from the residence he previously shared with Ms. Sigler only on one occasion, upon reasonable notice to her, and in the company of a uniformed law enforcement officer; and 5) to refrain from consuming or possessing alcoholic beverages. The temporary CPO also scheduled a full hearing before a magistrate on the order and all issues raised in Ms. Sigler's petition for 10:00 a.m. on December 11, 2001.
 {¶ 3} Mr. Arvay was served with notice of the December 11 hearing on December 10, while he was incarcerated in the Summit County Jail. On December 11, a magistrate conducted a full hearing on the CPO and the petition. Mr. Arvay was still incarcerated at the time of the hearing, and consequently he did not attend.
 {¶ 4} On December 19, 2001, the magistrate entered a domestic violence full hearing CPO. The full hearing CPO essentially continued in force the terms of the temporary CPO until December 11, 2006. On December 20, 2001, Mr. Arvay filed objections to the magistrate's order. In his objections, Mr. Arvay averred that he was arrested and placed in the Summit County Jail during the afternoon of December 10, and was not released until the evening hours of December 11. Mr. Arvay contended that by conducting the hearing while he was in jail and fewer than twenty-four hours after he was served with notice of the hearing, the magistrate denied him his right to appear and defend himself at the hearing. Mr. Arvay later supplemented his objection with a memorandum explaining that the day before the hearing, he was arrested and jailed after Ms. Sigler filed criminal charges alleging that he stole her car. According to Mr. Arvay's memorandum, he was released from jail the following evening, and the auto theft charge was dismissed after an investigation.
 {¶ 5} On April 19, 2002, the trial court overruled Mr. Arvay's objections and adopted the CPO entered by the magistrate. Mr. Arvay has timely appealed, asserting one assignment of error.
 II Assignment of Error {¶ 6} "THE COURT OF COMMON PLEAS, DOMESTIC RELATIONS DIVISION, ERRED IN ADOPTING THE MAGISTRATE'S RECOMMENDATION AND MAKING THE CIVIL PROTECTION ORDER ISSUED ON DECEMBER 19, 2001, THE ORDER OF THE COURT."
 {¶ 7} In his sole assignment of error, Mr. Arvay has argued that the trial court erred in overruling his objections and adopting the magistrate's decision granting Appellee's petition for a CPO. Mr. Arvay has contended that he was denied his right to reasonable notice of the hearing and an opportunity to defend himself, in violation of his constitutional right to due process of law.
 {¶ 8} R.C. 3113.31(D)(1) requires the domestic relations division of the trial court to convene an ex parte hearing for the purpose of determining whether to issue a temporary order to a petitioner who requests an ex parte CPO. R.C. 3113.31(D)(2)(a) provides:
 {¶ 9} "If the court, after an ex parte hearing, issues an order described in [R.C. 3113.31(E)(1)(b) or (c), authorizing the court to issue CPOs that grant possession of a residence or household to a petitioner to the exclusion of a respondent], the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. * * * The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing."
 {¶ 10} The right to procedural due process is guaranteed by theFourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. This Court has previously stated that "[a]t a minimum, the constitutional guarantee of due process requires that `deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Riffe v. Ohio Real Estate Appraiser Bd. (1998),130 Ohio App.3d 46, 51, appeal not allowed (1998), 83 Ohio St.3d 1460, quoting Boddie v. Connecticut (1971), 401 U.S. 371, 378, 91 S.Ct. 780,28 L.Ed.2d 113.
 {¶ 11} The importance of affording procedural due process to parties to CPO proceedings was affirmed by the Fourth District Court of Appeals in Deacon v. Landers (1990), 68 Ohio App.3d 26. The appellant inDeacon had filed a petition for a domestic violence CPO, and at the full hearing on the petition the respondent requested that the court also issue a CPO against the appellant. Without allowing the appellant to cross-examine the respondent or present rebuttal evidence, the lower court issued a CPO against the appellant. The court of appeals reversed, holding that "appellant was neither given a `full hearing' under R.C.3113.31, nor afforded an opportunity to be heard or defend herself consistent with due process of law." Deacon, 68 Ohio App.3d at 31.[1]
 {¶ 12} Ms. Sigler has argued that the requirements of both R.C.3113.31 and due process of law were complied with because Mr. Arvay was served with notice of the hearing prior to its commencement. According to Ms. Sigler, Mr. Arvay's incarceration did not prevent him from requesting either permission to attend or a continuance of the hearing, and he therefore failed to take advantage of his "opportunity to appear." This Court disagrees.
 {¶ 13} At the beginning of the December 11, 2001 hearing on Ms. Sigler's petition, the magistrate acknowledged on the record that Mr. Arvay was not present, was not represented by counsel, was currently in jail, and was served with notice of the hearing on December 10. Mr. Arvay has maintained that he was arrested and jailed during the afternoon of December 10 on charges instituted by Ms. Sigler, and that he was notified of the hearing — scheduled for 10:00 a.m. the following day — while he was at the jail. Mr. Arvay has further averred that he had no prior misdemeanor or felony convictions, and was not familiar with the procedures at the jail or at any other institution.
 {¶ 14} Incarcerated, with less than twenty-four hours notice of the hearing, Mr. Arvay did not have a reasonable opportunity to attend the hearing, much less to secure the services of an attorney to prepare a defense against Ms. Sigler's claims or to request a continuance. Under these circumstances, Mr. Arvay was not afforded the minimal due process guarantees of notice and an opportunity to be heard. Mr. Arvay's assignment of error is well taken.
 III {¶ 15} Mr. Arvay's sole assignment of error is sustained. The judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this decision.
CARR, P.J., BATCHELDER, J., CONCUR.
[1] We note that the particular problem presented by the facts of Deacon has been remedied by the General Assembly. Specifically, R.C.3113.31(E)(4)(b) now provides that a respondent who seeks a CPO against a petitioner must file a separate petition for a CPO and serve the petitioner with notice of the petition at least forty-eight hours before the court holds a hearing thereon. Nevertheless, the analysis conducted by the court in Deacon is instructive in evaluating Mr. Arvay's recourse to due process guarantees in the instant case.