This cause was heard upon the record in the trial court. Each error Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the City of Akron Department of Public Health, Housing Division ("City"), appeals from the decision of the Summit County Court of Common Pleas, which held that Akron Codified Ordinance 150.12(B) is unconstitutional for lack of a sufficient reasonable notice requirement. We reverse and remand for further proceedings consistent with this opinion.
 I. {¶ 2} On June 23, 2000, a complaint was filed with the Akron Housing Department, alleging violations of the housing code occurring at 335 1/2 Parkwood Avenue in Akron, Ohio. The property is owned by Raymond Thrower ("Thrower"), the appellee in this matter. The complaint had been filed by a visiting nurse, who was providing home health care for one of Thrower's tenants occupying the property.
 {¶ 3} Housing Inspector Bryan Jividen inspected the property and discovered several violations of the housing code, including the presence of roaches, animal waste, and garbage. On June 28, 2000, Jividen issued an Order to Comply to the tenants, and posted the order at the property. The order required that the noted violations be remedied by July 14, 2000. Jividen also issued an Order to Comply to Thrower, as the property owner, for various other violations. The order issued to Thrower required that he comply by August 25, 2000.
 {¶ 4} On July 27, 2000, Jividen re-inspected the property, finding that there had been a failure to comply with the prior order. Accordingly, Jividen issued an order that the property be vacated as unfit for human habitation until the property was brought into compliance with the previous order. This order was issued to the occupants and posted at the property as well.
 {¶ 5} Thrower appealed to the Housing Appeals Board ("Board"), and the Board affirmed the order. Thrower then appealed to the Summit County Court of Common Pleas, pursuant to R.C. Chapter 2506. The Summit County Court of Common Pleas determined that Akron Codified Ordinance 150.12 is unconstitutional, and the court reversed the decision of the Board.
 {¶ 6} This appeal followed. The City raises three assignments of error.[1] As the City's third assignment of error challenges the subject matter jurisdiction of the common pleas court, we will address that assignment of error first.
 II. Third Assignment of Error "THE SUMMIT COUNTY COURT OF COMMON PLEAS, COMMITTED PREJUDICIAL ERROR, ABUSING ITS DISCRETION, BY EXERCISING JURISDICTION OVER THIS DISPUTE BECAUSE MR. THROWER FAILED TO PROPERLY PERFECT THE APPEAL OF THE BOARD'S DECISION."
 {¶ 7} In the third assignment of error, the City challenges the jurisdiction of the common pleas court. For the reasons that follow, we overrule the City's third assignment of error.
 {¶ 8} A court's subject matter jurisdiction connotes the power to hear and decide a case upon the merits. Morrison v. Steiner (1972),32 Ohio St.2d 86, paragraph one of the syllabus. "Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." State v. Swiger (1998), 125 Ohio App.3d 456,462. The issue of whether a court has jurisdiction over the subject matter is never waived, and a party may raise this issue at any stage of the proceedings. Civ. R. 12(H)(3); Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, overruled on other grounds, Manning v. Ohio StateLibrary Bd. (1991), 62 Ohio St.3d 24, paragraph one of the syllabus. Moreover, the court may raise the issue sua sponte. In re Graham,147 Ohio App.3d 452, 2002-Ohio-2407, ¶ 29. See, also, Civ. R. 12(H)(3).
 {¶ 9} Thrower appealed the Board's decision to the court of common pleas pursuant to R.C. 2506.01. R.C. 2506.01 authorizes appeals from a city's housing board to the common pleas court, in accordance with procedures established by R.C. Chapter 2505. R.C. 2505.04 sets forth the procedure for perfecting such an appeal. It provides, in pertinent part:
 "An appeal is perfected when a written notice of appeal is filed, *** in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04.
 {¶ 10} R.C. 2505.07 mandates that the appeal be perfected within thirty days after the entry of the final order of the administrative agency.
 {¶ 11} The right to appeal a decision of an administrative agency's decision is conferred only by statute. Midwest Fireworks Mfg.Co. v. Deerfield Twp. Bd. of Zoning Appeals (2001), 91 Ohio St.3d 174,177. Accordingly, the appeal can be perfected only in the method prescribed by the statute. See Zier v. Bureau of Unemp. Comp. (1949),151 Ohio St. 123, paragraph one of the syllabus. "[T]he filing of a notice of appeal with the administrative board under R.C. 2505.04 is essential to vesting the common pleas court with jurisdiction over the administrative appeal. If an administrative appeal is not so perfected, the common pleas court lacks jurisdiction, and the appeal must be dismissed." (Citations omitted.) Skrzypek v. WOIO TV 19, 9th Dist. No. 3228-M, 2002-Ohio-3033, ¶ 12.
 {¶ 12} R.C. 2505.04 requires the appellant to file a notice of appeal with the administrative agency from which the appeal is taken. Courts have repeatedly held that the filing of a notice of appeal in the common pleas court is insufficient to vest jurisdiction over an administrative appeal. See Thrower v. Akron Housing Appeals Bd., 9th Dist. No. 21061, 2002-Ohio-5943, ¶ 18. This Court previously held that "[t]he court of common pleas' service of summons upon the administrative agency, along with a copy of the notice of appeal that was filed in the common pleas court, is not a notice of appeal filed `with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved,' as required by R.C. 2505.04." Id. at ¶ 19, citing Guysinger v. Bd. of Zoning Appeals
(1990), 66 Ohio App.3d 353, 357.
 {¶ 13} In this case, the City argues that Thrower filed his notice of appeal with the court of common pleas, but failed to file a notice of appeal with the agency itself. The City argues that the record contains no notice of appeal filed with the agency. Instead, the only notice of appeal from the agency's decision that appears in the record is the notice filed with the Summit County Court of Common Pleas, a copy of which appears in the administrative record as being received by the Board on October 23, 2000.
 {¶ 14} The record on appeal before this Court consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court[.]" App. R. 9(A). Pursuant to App. R. 10(A), the record on appeal is transmitted to the clerk of the appellate court. In preparing the certified copy of the docket and journal entries and assembling the original papers, "[t]he clerk of the trial court shall number the documents comprising the record and shall transmit with the record a list of the documents correspondingly numbered and identified with reasonable definiteness." App. R. 10(B). Accordingly, the appellate court receives the original papers from the trial court, which are numbered, and a list of all filings.
 {¶ 15} R.C. Chapter 2506, which governs administrative appeals, contains no similar provision regarding transmission of the record. Therefore, the court of common pleas receives the documents from the Board with no accompanying list of the documents which were before the Board. The administrative record contains a transcript of proceedings held before the board on September 19, 2000. The record also contains a random assortment of documents, which the Board's Recording Secretary certified as "a complete and true copy of the transcript and record of proceedings for the Housing Appeals Board." We cannot conclude from this informal certification, however, that a notice of appeal was never filed with the Board and included in its administrative record. The trial court never addressed the issue of its jurisdiction, and its record contains no documents, either in the form of an affidavit or otherwise, to indicate whether a notice of appeal was ever filed with the Board or was ever part of the administrative record.[2]
 {¶ 16} Moreover, the City is the appellant in this matter. It is the appellant's duty on appeal to ensure that the record, or the portions necessary for review on appeal, is filed with the appellate court. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. See, also, App. R. 10(A); Loc. R. 5(A); State v. Ishmail (1978), 54 Ohio St.2d 402, 405-406. The appellee has no corresponding duty to ensure that the portions of the record which support his position are contained within the record. This case is unique in that the party challenging jurisdiction due to the absence of a notice of appeal is the same party responsible for filing the record on appeal.
 {¶ 17} This Court is reluctant to sustain the City's assignment of error based solely upon the absence of a document in the administrative record. As the appellant, the City bears the burden of affirmatively demonstrating error on appeal. With no affirmative showing that Thrower failed to file a notice of appeal with the Board, the City's argument cannot prevail.
 {¶ 18] Given the unique procedural posture of this case, we find that the City cannot affirmatively demonstrate upon the record that the Summit County Court of Common Pleas lacked jurisdiction over Thrower's appeal of the Board's decision. The City's third assignment of error is overruled.
 First Assignment of Error "THE SUMMIT COUNTY COURT OF COMMON PLEAS, COMMITTED PREJUDICIAL ERROR, ABUSING ITS DISCRETION, IN HOLDING THAT AKRON ENVIRONMENTAL HEALTH HOUSING CODE § 150.12(B) IS UNCONSTITUTIONAL BECAUSE IT FAILS TO ENSURE SUFFICIENT, REASONABLE NOTICE AS GUARANTEED BY FUNDAMENTAL DUE PROCESS."
 {¶ 19} In its first assignment of error, the City argues that the common pleas court erred when it found that Akron Codified Ordinance 150.12(B) violates due process requirements and is therefore unconstitutional. We agree.
 {¶ 20} As a preliminary matter, we note the applicable standard of review governing administrative appeals. R.C. 2506.04 provides the standard of review for the common pleas court:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 21} The common pleas court weighs the evidence in the record and may consider new or additional evidence in certain circumstances. See R.C. 2506.03; Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 612. A party may then appeal the court of common pleas' decision to an appellate court "on questions of law as provided in the Rules of Appellate Procedure[.]" R.C. 2506.04. Issues of an ordinance's constitutionality may not be determined by an administrative agency because administrative bodies have no authority to interpret the Constitution. Mobil Oil Corp. v. City of Rocky River (1974),38 Ohio St.2d 23, 26; Jones v. Village of Chagrin Falls (1997),77 Ohio St.3d 456, 460. Therefore, when a party raises constitutional challenges to an ordinance in an administrative appeal, the common pleas court reviews the constitutionality of the ordinance de novo.
 {¶ 22} Generally, municipal ordinances have a strong presumption of constitutional validity. Benevolent Assn. v. Parma (1980),61 Ohio St.2d 375, 377. The party challenging the ordinance bears the burden of demonstrating that it is unconstitutional as applied. The ordinance will be deemed valid unless it appears "beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." Desenco, Inc. v. Akron (1999), 84 Ohio St.3d 535, 538, quoting Doyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46,47.
 {¶ 23} Akron Codified Ordinance 150.12(B) provides that "[e]very occupant of a dwelling or dwelling unit shall keep in a clean and sanitary condition and in good repair that part of the dwelling, dwelling unit, and premises thereof which he occupies and controls." Service of notice of violations is governed by Akron Codified Ordinance 150.03, which provides that notice of the violation shall be given to the person responsible and "[b]e served on the operator, owner or occupant personally or by certified mail and regular mail to the person's residence, regular place of business or last known address if the certified or regular mail is returned undelivered, a copy shall be posted in a conspicuous place in or on the person's residence, regular place of business, last known address, or the building affected." Akron Codified Ordinance 150.03(A)(4).
 {¶ 24} Before a protected liberty or property interest may be infringed, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. State v. Hochhausler
(1996), 76 Ohio St.3d 455, 459. The particular set of circumstances dictates the actual procedures required. Riffe v. Ohio Real EstateAppraiser Bd. (1998), 130 Ohio App.3d 46, 51, quoting Cafeteria Restaurant Workers Union v. McElroy (1961), 367 U.S. 886, 895,6 L.Ed.2d 1230. "At a minimum, the constitutional guarantee of Due Process requires that `deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Id., quoting Boddie v. Connecticut (1971), 401 U.S. 371,378, 28 L.Ed.2d 113.
 {¶ 25} In this case, Thrower argued that he did not receive proper service of the notice of violations, which had been sent to the tenant and posted on the property. However, in his appeal to the Board he conceded that he received the notice. In his hearing before the Board, Thrower admitted, "Well, I got them, but that's why I'm here is because I should be served those orders." Moreover, in his brief to this Court, Thrower admits that he "was fortunate to get wind of the orders[.]"
 {¶ 26} It is fundamental that a due process violation does not occur if notice and an opportunity to be heard are given. In this case, Thrower had actual notice of the violations, evidenced by that fact that he timely appealed the violations and condemnation order to the Board, who granted him a hearing on his appeal. Thrower cannot now argue that he was denied an opportunity to be heard; his appeal was heard by the Board. Thus, while Thrower may not have been personally served with the notice of violations or the condemnation award, he had actual notice of them and admitted that he received them. Accordingly, the notice and service provisions of Akron Codified Ordinance 150.12 and 150.03 do not constitute unconstitutional violations of due process as applied to Thrower in reference to the condemnation order of 335 1/2 Parkwood Avenue.
 {¶ 27} The City's first assignment of error is sustained.
 Second Assignment of Error "BECAUSE MR. THROWER HAS NO RECOGNIZABLE PROPERTY RIGHT TO MAINTAIN A NUISANCE, THE SUMMIT COUNTY COURT OF COMMON PLEAS, COMMITTED PREJUDICIAL ERROR, ABUSING ITS DISCRETION, IN HOLDING THAT MR. THROWER'S DUE PROCESS RIGHTS WERE VIOLATED BY THE CONDEMNATION OF THE PROPERTY BY THE AKRON HEALTH DEPARTMENT."
 {¶ 28} Our disposition of the City's first assignment of error renders this assignment of error moot. We therefore decline to address it. See App. R. 12(A)(1)(c).
 Thrower's Cross Assignment of Error "THAT THE HEALTH ORDINANCE [AKRON CODIFIED ORDINANCE] § 150.12, AS APPLIED TO APPELLEE TO SERVE ORDERS ON TENANT WITHOUT SERVICE ON APPELLEE BY APPELLANT'S OWN ADMISSION DENIES [APPELLEE] OF HIS 14TH AMENDMENT TO DUE PROCESS BY ALLOWING `TAKING' OF A LANDOWNER'S PROPERTY WITHOUT PRIOR NOTICE, WITHOUT GIVING THE APPELLANT THE OPPORTUNITY TO CORRECT ALLEGED WRONGS, IN VIOLATION OF THE `TAKINGS CLAUSE' OF THE 5TH, 14TH AMENDMENTS. [SIC.]"
 {¶ 29} In his cross assignment of error, Thrower argues that the City's actions constitute a taking without notice.
 {¶ 30} In our disposition of the City's first assignment of error, we found that there was no violation of Thrower's due process rights because he received actual notice. Accordingly, Thrower's argument that this was a taking without notice fails. Thrower's cross-assignment of error is overruled.
 III. {¶ 31} The City's first assignment of error is sustained. Thrower's cross-assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion.
WHITMORE, J. and BATCHELDER, J. CONCUR.
[1] We note that Thrower's brief contains four assignments of error and his respective arguments. The first three are in response to the City's three assignments of error. Thrower's fourth assignment of error appears to reiterate the arguments he presented to the common pleas court. We will construe the fourth assignment of error contained in Thrower's brief as a cross-assignment of error and address it as such.
[2] The City first challenged the court's subject matter jurisdiction in a motion to reconsider, filed after the court's decision. The court did not rule on the motion to reconsider.