JOUDAH, Appellant,

v.

OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.

[Cite as *Joudah v. Ohio Dept. of Human Serv.* (1994), 94 Ohio App.3d 614.]

Court of Appeals of Ohio,
Summit County.

Decided June 15, 1994.

*Carol J. Crimi,* for appellant.

*Alan Schwepe,* for appellee.

BAIRD, Judge.

This cause was heard upon the appeal of Mahdi Joudah from the Summit County Court of Common Pleas' decision affirming the Ohio Department of Human Services' ("ODHS") ruling that the Joudah family did not qualify for Aid to Dependent Children benefits ("ADC"). We affirm.

Mahdi Joudah entered the United States from Kuwait as a B–2 visitor in February 1992. His wife and five minor children entered the country, also as B–2 visitors, in August 1992. Joudah's visitor status expired in August 1992, and his family's status expired in February 1993.

On October 27, 1992, the Joudahs applied to the Immigration and Naturalization Service ("INS") for political asylum. Joudah also applied for and received employment authorization, which was valid from November 23, 1992 until Novem-

ber 22, 1993. As of July 15, 1993, the INS had taken no action in processing the Joudah's asylum case, nor had the case been scheduled for hearing.

On November 13, 1992, Joudah applied for public assistance benefits [1] with the Summit County Department of Human Services. He had previously applied for these benefits with the Portage County Department of Human Services. In response to a request from the Portage County Department of Human Services, the INS provided the following information regarding the Joudah family.

"This family is considered to be in visitor status. They may have applied for asylum but that is no guarantee that it will be granted. It takes one to two years to arrive at the asylee status decision. After asylum is granted, they wait one year before adjusting [their status] to lawful permanent residence."

Joudah's application was denied on the basis that he and his family did not meet the requirement of the public assistance regulations that they be "permanently residing [in the United States] under color of law" ("PRUCOL"). Ohio Adm.Code 5101:1–3–22.

On March 20, 1993, an appeal of the denial of benefits was overruled by a state hearing officer. Joudah then appealed to the ODHS, which also overruled the family's objections. Pursuant to R.C. 119.12, Joudah next appealed to the Summit County Court of Common Pleas. The court affirmed the decision of the ODHS that Joudah and his family do not meet the PRUCOL requirements for ADC. It is from that decision that Joudah now appeals to this court, asserting a single assignment of error.

## Assignment of Error

"The trial court erred to the prejudice of plaintiff-appellant in affirming the decision of the defendant-appellee to deny ADC benefits to him and his family."

■ Appellant argues that, as applicants for political asylum, he and his family meet the PRUCOL requirements of the public assistance regulations. Therefore, he argues that the trial court erred in affirming ODHS's determination that they were ineligible for ADC.

■ In reviewing an order of an administrative agency under R.C. 119.12, the common pleas court's standard of review generally requires the court to affirm the agency's order unless it finds that the order is not supported by reliable, probative, and substantial evidence and is not in accordance with the law. *Bottoms Up, Inc. v. Liquor Control Comm.* (1991), 72 Ohio App.3d 726, 728, 596

---

1. The Joudah family applied for food stamps, Medicaid and ADC. However, the family's status under the relevant Medicaid and food stamps statutes was settled and is not at issue in this appeal.

N.E.2d 475, 476; *Hall v. State Bd. of Landscape Architect Examiners* (1993), 91 Ohio App.3d 401, 402, 632 N.E.2d 954, 955. In reviewing the common pleas court's determination as to a factual question, an appellate court must determine if the lower court accorded due deference to the agency in finding that the decision was supported by reliable, probative and substantial evidence. R.C. 119.12; *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343–344, 587 N.E.2d 835, 838–839. Appeals upon a question of law are, on the other hand, fully reviewable by an appellate court. *Id.*[2]

Ohio Adm.Code 5101:1–3–22, which sets forth the PRUCOL requirements of Ohio's ADC program, states:

"[A recipient must be] a citizen of the United States or an alien lawfully admitted for permanent residence or otherwise permanently and lawfully residing in the United States. This includes refugees or those granted asylum.

"Any lawfully admitted alien who is permanently residing in the United States under the color of law meets the citizenship requirement. An alien lawfully present under provisions of the Immigration and Nationality Act is eligible as permanently residing under color of law."

PRUCOL is not specifically defined within the Ohio Administrative Code. Therefore, federal law must be consulted to provide a definition. Ohio Adm.Code 5101:1–35–071(B). Section 602(a)(33), Title 42, U.S.Code, provides that an applicant for ADC must be either a citizen or an alien lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law. The implementing regulations define four groups of persons that satisfy the PRUCOL requirement of Section 602(a)(33), Title 42, U.S.Code. These include aliens admitted as refugees, individuals who were granted status as conditional entrant refugees prior to April 1, 1980, aliens granted political asylum by the Attorney General, and aliens granted temporary parole status by the Attorney General. Section 233.50(b), Title 45, C.F.R.

The lower court determined that, as there was no evidence that the Joudah family fell into any of these categories, they did not meet the PRUCOL requirements of Ohio Adm.Code 5101:1–3–22. That court relied heavily on the

---

2. The deference given to administrative agencies in interpretation of their own regulations is based upon the assumption that they have accumulated expertise in their own content area. *Swallow v. Indus. Comm.* (1988), 36 Ohio St.3d 55, 57, 521 N.E.2d 778, 779. Appellant argues that the ODHS is beyond its own area of expertise in interpreting concepts related to immigration law and that, therefore, greater scrutiny of the ODHS's interpretation is required. Appellant, however, cites no authority for this proposition and we are convinced that the same standard of review should apply in this case, which required ODHS to interpret immigration law only as it applies to the administration of its own public assistance programs.

decision of *Sudomir v. McMahon* (C.A.9, 1985), 767 F.2d 1456. That case held that, under the PRUCOL requirement of Section 602(a)(33), Title 42, U.S.Code, asylum applicants were not eligible for ADC because, while they do reside in the United States "under color of law," they can not be considered "permanent residents." "Permanent" is defined at Section 1101(a)(31), Title 8, U.S.Code, as "a relationship of continuing or lasting nature, as distinguished from temporary, but a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law."

Based upon this definition, the *Sudomir* court concluded that "[a] residence is temporary when the alien's continued presence is solely dependent upon the possibility of having his application for asylum acted upon favorably." *Id.*, 767 F.2d at 1461. We agree with this rationale and find that the Joudahs do not meet the relevant PRUCOL requirements.

Appellant also argues that, even assuming that *Sudomir*'s interpretation of federal law is correct, the Ohio regulations further define PRUCOL as including "[a]n alien lawfully present under provisions of the Immigration and Nationality Act is eligible as permanently residing under color of law," and, therefore, the Joudahs are eligible for ADC under Ohio law. We disagree. Although it is the INS policy to allow applicants for asylum to remain in the United States until their applications are processed, appellant admitted at oral argument that there is nothing that requires the INS to do so. Applicants for asylum who are not otherwise authorized to reside in the country, therefore, do not meet Ohio's requirement that they be "lawfully present under provisions of the Immigration and Nationality Act."

We do not find that the lower court abused its discretion in finding that the ODHS's determination that the Joudah family did not meet the PRUCOL requirements was supported by reliable, probative and substantial evidence and we find that the lower court's ruling was in accordance with law. Appellant's assignment of error is overruled, and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and DICKINSON, J., concur.