REESE, Appellant,

v.

**COPLEY TOWNSHIP BOARD OF TRUSTEES et al., Appellees.**

[Cite as *Reese v. Copley Twp. Bd. of Trustees* (1998), 129 Ohio App.3d 9.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18738.

Decided June 30, 1998.

*Harry A. Tipping* and *Lesley A. Weigand,* for appellant.

*Robert A. Edwards*, for appellees.

BAIRD, Judge.

Appellant Paul N. Reese appeals from the judgment rendered in the Summit County Court of Common Pleas, affirming an administrative decision rejecting Reese's proposed zoning changes. We affirm.

Reese owns a salvage business located at 1835 Knox Boulevard, Copley Township. He has owned the seven-acre plot on which the business sits since 1977. On September 27, 1995, Reese applied to the Copley Township Zoning Commission for a zoning change covering the parcel he owns. Reese proposed that the zoning classification be changed from O–C (Open Space and Conservation) to C–4 (Intensive Automotive Oriented Commercial). Reese appeared at three township meetings in support of his application. The Copley Township Zoning Commission ("commission") considered the application and recommended

that the Copley Board of Trustees ("board") deny the application. Following a public hearing, the board denied Reese's application.

On December 5, 1996, Reese, filed a complaint for an administrative appeal with the Summit County Court of Common Pleas, seeking a judgment ordering the rezoning of his property from O–C to C–4, or permitting his continued business use at the premises. On August 28, 1997, the Summit County Court of Common Pleas affirmed the board's decision. Reese appealed to this court, assigning three errors.

## I

Reese's first assignment of error states:

"The decision of the Copley Township Board of trustees and the lower court is not supported by reliable, probative and substantial evidence and is therefore, unconstitutional, arbitrary, capricious and illegal."

When reviewing an administrative decision, a common pleas court acts in a "limited appellate capacity." *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835, 838–839; *Diversified Benefit Plans Agency, Inc. v. Duryee* (1995), 101 Ohio App.3d 495, 499, 655 N.E.2d 1353, 1355–1356. R.C. 2506.04 addresses the scope of the common pleas court's review of an administrative decision and provides:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from[.]"

Decisions of a board of zoning appeals are presumed to be valid. *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400, paragraph two of the syllabus. If there is in the record a preponderance of reliable, probative, and substantial evidence to support the administrative decision, the common pleas court must affirm. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117.

The common pleas court's finding of whether the agency's decision is supported by reliable, probative, and substantial evidence is essentially a "question of the absence or presence of the requisite quantum of evidence." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267, citing *Andrews v. Ohio Bd. of Liquor Control* (1955), 164 Ohio St. 275,

58 O.O. 51, 131 N.E.2d 390. A common pleas court is required to give "due deference to the administrative resolution of evidentiary conflicts." *Id.* When reviewing the common pleas court's decision, an appellate court must determine whether the lower court accorded due deference to the agency in finding that the decision was supported by reliable, probative, and substantial evidence. *Joudah v. Ohio Dept. of Human Serv.* (1994), 94 Ohio App.3d 614, 617, 641 N.E.2d 288, 290, citing R.C. 119.12 and *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343–344, 587 N.E.2d 835, 838–839. In making this determination, an appellate court should use an abuse-of-discretion standard. *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 266–268; *Bottoms Up v. Ohio Liquor Control Comm.* (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475, 476. "Abuse-of-discretion" is more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. In other words, a common pleas court abuses its discretion when its decision is without reasonable basis or is clearly wrong. *Qualls v. Akron Civ. Serv. Comm.* (June 18, 1997), Summit App. No. 17977, unreported, at 3–4, 1997 WL 379910, 1997 WL 379910.

 Reese argues that the common pleas court's decision in the case at bar was supported by less than the requisite quantum of evidence. We disagree. Commission members personally studied the property before recommending to the board that it deny Reese's request to rezone the property to a C–4 "Intensive and Automotive Oriented Commercial District."[1] The Summit County Planning Commission reviewed the property and found that the uses for the land surrounding the property were residential, farming, and vacant land consistent with an O–C "Open Space and Conservation District" zoning designation.[2] The same body's

---

1. Copley Township Zoning Regulations, Section 423 describes the purpose of the Intensive and Automotive Oriented Commercial District (District C–4):

 "This District is established to provide for uses in addition to those specified for the local and central commercial district and thereby provide service and sales in support of the primary business activities in the community. This district includes activities which because of their nature, such as their tendency to encourage traffic congestions and parking problems, storage problems or certain other inherent dangers, create special problems and are, therefore, best distinguished from other commercial activity. Their location is advantageous at the edge of the central commercial core and at specified points on major thoroughfares at outlying locations in the community."

2. Copley Township Zoning Regulations, Section 440 describes the purpose of the Open Space and conservation district (District O–C):

 "This District is established for any of the following purposes:
 "A. To preserve and protect the values of distinctive geologic, topographic, botanic, historic and scenic areas;

finding that the high water table, instability, and seepage make the soil at the property unsuitable for most urban uses, including that of a salvage yard, also supported the board's refusal.

Reese presented a "Wetlands and Soils Assessment" of five acres of his property prepared by ACRT, Inc., a local environmental survey company, which stated that the wetlands area on the property was very small and not a constraint to development or the current use of the property. Reese also presented a petition signed by neighbors, describing the O–C zoning designation as unrealistic in view of existing uses of property in the area. The record also contains letters from other neighbors opposed to Reese's proposed rezoning.

The trial court did not abuse its discretion in giving due deference to the board's resolution of evidentiary conflicts. Reese's first assignment of error is overruled.

II

Reese's second assignment of error states:

"The decision of the Copley Township Trustees and the lower court is tantamount to reverse spot zoning and bears no reasonable relationship to the police power of the township and is therefore unconstitutional, illegal, arbitrary and capricious."

The zoning regulation Reese sought to change was in place before Reese purchased his property. Reese argues that the township's refusal to change zoning regulation is unconstitutional. "A zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 690 N.E.2d 510, syllabus. The party challenging the constitutionality of a zoning ordinance bears the burden of proof and must prove unconstitutionality beyond fair debate. *Id.* at 209, 690 N.E.2d at 511–512. As discussed above, the common pleas court had before it sufficient evidence to show that the board's decision to retain the existing zoning regulation was not arbitrary. The same evidence shows that Reese could not prove beyond

---

"B. To protect the ecological balance of an area;

"C. To conserve natural resources, such as river valley and tracts of forest land; and,

"D. To reduce the problems created by intensive development of areas having excessively high water tables, organic or other soils unsuitable for most types of urban development, or which are subject to flooding, or which are subject to flooding, or which are topographically unsuited for urban type uses."

fair debate that the board's retention of the zoning regulation was clearly arbitrary. Reese's second assignment of error is overruled.

### III

Reese's third assignment of error states:

"The lower court abused its discretion by upholding the decision of the Copley Township Board of Trustees even though Copley Township never enacted a comprehensive plan nor conducted any studies before enacting such restrictive zoning."

 A township's failure to have a comprehensive zoning plan which is separate and distinct from a zoning ordinance does not render unconstitutional a zoning ordinance. *BGC Properties, L.P. v. Bath Twp.* (Mar. 21, 1990), Summit App. No. 14252, unreported, at 8, 1990 WL 31789; see, also, *Cent. Motors Corp. v. Pepper Pike* (1979), 63 Ohio App.2d 34, 65, 13 O.O.3d 347, 367–368, 409 N.E.2d 258, 279. It follows that a township zoning board's decision to uphold a zoning ordinance cannot be invalidated merely because the township does not have a comprehensive zoning plan. The rest of Reese's arguments pertaining to this assignment of error assail the alleged lack of relation between the zoning classification and the township's legitimate interests in the health, safety, and welfare of the people of the township, and were dealt with above. Reese's third assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SLABY, P.J., and REECE, J., concur.