**ALLGOOD, Appellee,**

**v.**

**CITY OF AKRON, Appellant.**

[Cite as *Allgood v. Akron* (2000), 136 Ohio App.3d 529.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. C.A. 19554.

Decided Jan. 19, 2000.

530

*Max Rothal,* Director of Law, *Elaine B. Davidson* and *John A. Mascolo,* Assistant Directors of Law, for appellant.

*Lawrence W. Vuillemin* and *Tammy S. Spoonster,* for appellee.

SLABY, Presiding Judge.

Appellant, the city of Akron, appeals an order of the Summit County Court of Common Pleas that reversed a decision of the Akron Civil Service Commission and reinstated appellee, Eric Allgood, to the Akron Fire Department. We reverse.

The Akron Fire Department and Akron Firefighters' Local 330 formulated a drug testing policy agreement in January 1996. The policy, entitled "Drug Screening Program for Sworn Employees of the Akron Fire Division," was incorporated into the collective bargaining agreement between Local 330 and the city. Pursuant to the policy, the Akron Fire Department initiated random drug testing in July 1996.

Appellee was selected for a random drug test on July 22, 1996. On July 30, 1996, the Medical Review Officer confirmed that the test was positive for cocaine. Akron Fire Chief Thomas Alexander ordered appellee to enroll in Akron's Employee Assistance Program ("EAP") on July 31, 1996, and to immediately schedule counseling. At that time, appellee was also indefinitely suspended for conduct unbecoming a city employee.

Appellee met with EAP coordinator Redgi Price on August 5, 1996. At that time, Price ordered appellee to undergo a second drug screen. The results of the second screen were negative, and Price approved appellee's return to work on August 9, 1996. He remained enrolled in the EAP. A third screen was conducted on August 20, 1996. This test was unable to be analyzed, and another screen was conducted on August 27, 1996. The results of this test were negative. After his return to work, appellee missed an appointment with Price and several days of work. Price interpreted these circumstances as warning signs of further cocaine problems and ordered another drug screen on September 12, 1996. On September 19, 1996, appellee voluntarily underwent a chemical dependency evaluation at Edwin Shaw Hospital. On September 20, 1999, the Medical Review Officer confirmed that the results of the previous test were positive for cocaine, and Chief Alexander removed appellee from duty and placed him on sick leave.

A pretermination hearing was conducted on October 15, 1996, and on October 18, 1996, the deputy mayor strongly recommended appellee's discharge to the mayor. On October 22, 1996, appellee was served with a notice of discharge approved by Chief Alexander. The mayor denied an appeal of the termination on November 25, 1996, and appellee appealed to the Akron Civil Service Commission. After conducting a hearing on June 12, 1997, the commission upheld the discharge, but waived the two-year disqualification period for taking civil service examinations.

On August 18, 1997, appellee appealed the commission's decision to the Summit County Court of Common Pleas pursuant to R.C. 124.34 and R.C. 119.12. The appeal was submitted to the trial court on the parties' briefs. The trial court reversed and ordered appellee's reinstatement with back pay and lost benefits. The city timely appealed, raising three assignments of error.

## ASSIGNMENT OF ERROR I

"The trial court erred when it found that dismissal of a firefighter was not warranted after he had twice tested positive for cocaine use."

 The city argued that the trial court incorrectly determined that appellee's termination was unwarranted and that the collective bargaining agreement required the city to provide a meaningful opportunity for treatment prior to dismissal. We agree.

 R.C. 124.34 permits an appeal from a decision of a municipal civil service commission to the court of common pleas. The case proceeds on appeal in the common pleas court as a *de novo* civil action. See R.C. 119.12. See, also, R.C. 2506.03(A). The court of common pleas may:

"affirm the order of the agency complained of in the appeal if it finds, * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12.

. On review of an employment dismissal, the appointing authority must demonstrate by a preponderance of the evidence that the allegations against the employee are true. *State ex rel. Bispeck v. Bd. of Commrs.* (1988), 37 Ohio St.3d 26, 28, 523 N.E.2d 502, 504–505, citing *Cupps v. Toledo* (1961), 172 Ohio St. 536, 18 O.O.2d 82, 179 N.E.2d 70, paragraph one of the syllabus. The court of appeals must affirm the common pleas court unless it finds that the prior decision is not supported by "a preponderance of reliable, probative, and substantial evidence" as a matter of law. *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 613, 693 N.E.2d 219, 223. The court applies an abuse of discretion standard in making this determination. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241; *Reese v. Copley Twp. Bd. of Trustees* (1998), 129 Ohio App.3d 9, 13, 716 N.E.2d 1176, 1179.

The "Drug Screening Program for Sworn Employees of the Akron Fire Division" ("the policy") provides:

"I. POLICY STATEMENT

" * * * Substance abuse poses a direct threat to the public safety and welfare and to the employees of the Fire Division. The goal of this Program is, therefore, to provide Fire Division employees who are free from the effects of drugs in order to ensure the safety of the public as well as the safety of the employees.

" * * *

"The City and Local # 330 are committed to the principles of prevention and rehabilitation to assist employees in reaching the goal of this Program. This Drug Screening Program (DSP) and the City's Employee Assistance Program (EAP) are the two primary programs that will be utilized to fulfill the principles of prevention and rehabilitation. * * * [T]he employee has the primary responsibility of resolving drug problems and their attendant effects on safety and work performance. Employees with a drug problem are, therefore, initially encouraged to seek counseling and treatment at the EAP.

"With these objectives in mind, the following policy and procedures on drug abuse have been established:

" * * *

"(B) *ILLEGAL DRUGS*

"The illegal * * * use of any controlled substance is prohibited whether on or off duty. Employees shall not report to work or be on duty with an illegal drug traceable in their systems. .

" * * *

"V. DISCIPLINARY ACTION AND APPEAL

" * * *

"B. Employees who as a result of being drug tested are found to be using illegal drugs may be subject to dismissal. However, due consideration will be given to provision of rehabilitation through treatment programs in lieu of dismissal on a first offense. Voluntary submission to a rehabilitation program may be considered prior to imposition of a disciplinary penalty.

" * * *

"VI. PARTICIPATION IN A TREATMENT PROGRAM

" * * *

"Although rehabilitation is one of the principal mechanisms relied upon to reach the goal of this Program, rehabilitation is considered only secondary to the primary goal of ensuring safety.

" * * *

" Participation in the EAP will not necessarily preclude disciplinary action with respect to any violations of the law or work rules and regulations."

The trial court recognized the city's interest in eliminating drug use among firefighters, but concluded "that a veteran firefighter of 18 years deserves the opportunity for meaningful drug treatment pursuant to a negotiated contract before he is dismissed." The city has argued that the policy does not require an "opportunity for meaningful drug treatment." The plain terms of the policy support this conclusion. The importance of rehabilitation is recognized, but is subordinate to the primary goal of the policy. On a first offense, the policy requires that "due consideration" of rehabilitation be given in lieu of dismissal. This requirement, however, does not preclude dismissal for a first offense. Similarly, voluntary efforts at rehabilitation "may be considered" prior to disciplinary action, but do not foreclose that possibility. Indeed, the policy specifically provides the general rule that "[e]mployees who as a result of being drug tested are found to be using illegal drugs may be subject to dismissal." The policy does not require due consideration of rehabilitation efforts on subsequent offenses.

■ Appellee has maintained that as an Akron firefighter, he "bargained for and [was] legally entitled to a chance at rehabilitation under the policy." The witnesses presented by appellant before the Civil Service Commission acknowledged that dismissal remained a disciplinary option, even on a first offense, under the policy. Appellee's argument appears to have been that once a firefighter voluntarily submits to rehabilitation or is ordered into the EAP, the city's option to dismiss the firefighter for the drug offense is nullified unless the employee is unsuccessful after attempts at rehabilitation have run their full course. This contention is unsupported by the terms of the policy. The city is not required to provide the opportunity for rehabilitation, even on a first offense. In addition, the policy specifically states that participation in the EAP does not foreclose the disciplinary options otherwise available to the city. Pursuant to Section V(B) of the policy, these options include dismissal.

The terms of the policy simply do not permit the conclusion that appellee was legally entitled to rehabilitative efforts prior to dismissal. The trial court's conclusion to this effect constitutes an abuse of discretion. Accordingly, the city's first assignment of error is well taken.

## ASSIGNMENT OF ERROR II

"The trial court erred when it ordered reinstatement with back pay and lost benefits to a firefighter who twice tested positive for cocaine use."

## ASSIGNMENT OF ERROR III

"The trial court erred as a matter of law when it construed the drug screening policy (DSP) negotiated between the City of Akron and Local 330 to require 'meaningful' drug treatment before dismissal of a firefighter who twice tested positive for the use of illegal drugs."

The city's second and third assignments of error are rendered moot by our disposition of the first and, therefore, need not be addressed at this time. See App.R. 12(A)(1)(c).

The city's first assignment of error is sustained, and the judgment of the trial court is reversed. The decision of the Akron Civil Service Commission is reinstated.

*Judgment reversed.*

WHITMORE and BATCHELDER, JJ., concur.