OPINION
Plaintiff-Appellants Weldon and Margaret Smith (hereinafter "the Smiths") appeal the Montgomery County Common Pleas Court's judgment upholding Defendant Appellee Board of Zoning Appeals of the Village of Germantown's grant of an area variance to Intervenors-Appellees Clifford and Karen Jones (hereinafter "the Joneses"). In their sole assignment of error, the Smiths claim the trial court erred in finding that the Board of Zoning Appeals (hereinafter "the BZA") complied with §§ 1127.07(e) and (f) of Germantown's zoning ordinances, and in concluding that the BZA's decision satisfied the criteria for granting an area variance as set forth by the Ohio Supreme Court in Duncan v. Middlefield
(1986), 23 Ohio St.3d 83.
In May of 1996, the Joneses, through their attorney at the time, applied for a zoning permit which, if approved, would allow them to build a three-or four-family apartment building on their property located on the southeast corner of Center and Mulberry Streets in Germantown identified as lots D13-2-2-86 and 87. Docket No. 14 at 3. By the time the BZA held its adjudicatory hearing on the matter on August 12, 1996, the Joneses had abandoned the idea of constructing a four-family building and were seeking only an area variance to enable them to build a three-family apartment building on the property. Docket No. 14 at 15.
The Joneses' property is located in an R-4 area, which allows single-and multi-family dwellings. Under the Germantown Planning and Zoning Code (hereinafter "G.P.Z."), lots upon which multi-family buildings are sought to be built must be no narrower than sixty feet and have a lot area of no less than 10,000 square feet. G.P.Z. § 1149.06. The Joneses' property falls thirty inches short of the sixty-foot width requirement for multi-family dwellings and 943.75 square feet short of the 10,000 square footage requirement, ergo their area variance request.
At the adjudicatory hearing, the BZA was presented with the Joneses' zoning permit, their application for a variance, a copy of a petition opposing the apartment building signed by a number of residents living near the Joneses' property, a list of the criteria to be considered by the BZA when deciding whether to approve or deny a variance request, a list of property owners living within 200 feet of the proposed apartment building, a sketch of the building the Joneses planned to construct, a memorandum prepared by the Village Zoning Compliance Officer recommending approval of the Joneses' variance request, a copy of the notice sent to surrounding residents informing them of the Joneses' intentions and the date and time of the public hearing, an elevation certificate, and a survey of the Joneses' lots. In addition, the minutes of the hearing show that Mr. Jones and his attorney both spoke in favor of granting the area variance request, and that several individuals living near the subject property spoke in opposition to construction of the apartment building. Their concerns were the Joneses' alleged neglect of the property, the unavailability of sufficient parking to accommodate tenants of a three-unit building, the possibility that the building might make it more difficult for emergency vehicles to have access to nearby dwellings, potential exacerbation of traffic congestion in the area, and unspecified "trouble" from people who might reside in the apartment building. Following the public comments, the BZA unanimously voted to approve the Joneses' request for an area variance.
The Smiths, who reside on their property adjacent to the Joneses' property, appealed the BZA's decision to the Common Pleas Court of Montgomery County pursuant to R.C. § 2506.01 on September 10, 1996. Over the next two and one half years, the parties filed a plethora of motions and briefs which, along with the trial court's numerous rulings, makes the procedural history of this case a quagmire into which we are fortunately not required to venture since the issues raised on appeal are limited to the merits of the BZA's decision. Suffice it to say that the Joneses eventually intervened as additional appellees and on June 30, 1999, the trial court affirmed the BZA's grant of the Joneses' area variance request. The Smiths' notice of appeal was filed in a timely manner, and they were granted a stay of the court's order pending this appeal.
The Smiths present one assignment of error encompassing two issues as follows:
 The Montgomery County Court of Common Pleas erred as a matter of law by holding that the decision of the Appellee, Board of Zoning Appeals, was not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable and probative evidence on the entire record.
Issue 1: Whether Appellee, Board of Zoning Appeals, by granting Intervenors' request for an area variance, failed to comply with Chapter 1127.07(E) [and] (F) of the ordinances of the City of Germantown thereby resulting in its decision being unconstitutional, illegal, capricious and unreasonable and not supported by a preponderance of substantial, reliable and probative evidence.
Issue 2: Whether Appellee, Board of Zoning Appeals', decision to grant intervenors an area variance satisfied the standards established by the Ohio Supreme Court in Duncan v. Middlefield (1986), 23 OH St. 3d 83 [sic].
Initially, we note that the standards of review for the common pleas courts and appellate courts when considering appeals from administrative agencies has been succinctly and accurately set forth by our sister court in the Ninth District as follows:
 The common pleas court's finding of whether the agency's decision is supported by reliable, probative, and substantial evidence is essentially a "question of the absence or presence of the requisite quantum of evidence." Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111, citing Andrews v. Ohio Bd. Of Liquor Control (1955), 164 Ohio St. 275. A common pleas court is required to give "due deference to the administrative resolution of evidentiary conflicts." Id. When reviewing the common pleas court's decision, an appellate court must determine whether the lower court accorded due deference to the agency in finding that the decision was supported by reliable, probative, and substantial evidence. Joudah v. Ohio Dept. of Human Serv. (1994), 94 Ohio App.3d 614, 617, citing R.C. 119.12 and Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 343-344. In making this determination, an appellate court should use an abuse-of-discretion [sic] standard. Lorain City Bd. Of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. "Abuse-of-discretion" [sic] is more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary of unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In other words, a common pleas court abuses its discretion when its decision is without reasonable basis or is clearly wrong. Qualls v. Akron Civ. Serv. Comm.
(June 18, 1997), Summit App. No. 17977, unreported.
 Reese v. Copley Twp. Bd. of Trustees (1998), 129 Ohio App.3d 9, 12-13. Mindful of these principles, we proceed to the merits of the Smiths' assigned error.
Among their arguments pertaining to the BZA's action in this case, the Smiths claim that by granting the area variance requested by the Joneses, the BZA failed to adhere to the regulations governing the granting of variances as set forth in G.P.Z. § 1127.07(e). Because we find this argument dispositive, we need not address the Smiths' other arguments advanced under their sole assignment of error.
R.C. § 713.11 is an enabling statute that permits municipal corporations, such as the village of Germantown, to create administrative zoning boards to which the authority to grant variances from the zoning regulations may be delegated. It is under this enabling statute that Germantown enacted Chapter 1127 of their charter, creating the BZA and delineating its powers and duties. In particular, G.P.Z. § 1127.07 reads in pertinent part as follows:
The Board shall have the following duties and powers:
 Variances. To vary the strict application of any of the requirements of this zoning ordinance in the case of exceptionally irregular, narrow, shallow or deep lots, or other exceptional physical conditions, whereby such strict application would result in practical difficulty * * *, not economic in nature, that would deprive the owner of the reasonable use of the land or building involved but in no other case. The fact that another use would be more profitable is not a valid basis for legally granting a variance. (Emphasis added.)
In their argument, the Smiths contend that there is no evidence in the record from which the BZA could have concluded that the "practical difficulties" the Joneses would encounter if the area variance request were denied were other than economic in nature and that the granting of the variance request was consequently precluded by G.P.Z. § 1127.07(e). The Smiths' argument was not discussed by the BZA or the Joneses in their answer briefs to this court, nor was the issue addressed by the trial court, the Joneses, or the BZA in the proceedings below, though it was there presented by the Smiths. Instead, both the Joneses and the BZA have focused their arguments before the trial court and before us on the requirements set forth in G.P.Z. § 1127.07(e)(1) through (5) which must be met by an applicant seeking a variance, and on the seven factors relating to the establishment of "practical difficulties" as articulated in Duncanv. Middlefield (1986), 23 Ohio St.3d 83.[1] Although theDuncan factors include consideration of whether the property at issue would yield a reasonable return or whether there could be any beneficial use of the property without the variance, G.P.Z. § 1127.07(e) makes the nature of the property owner's "practical difficulties" a threshold matter by requiring them to be other than economic. Moreover, since a single-family home could be built on the Joneses' property without a variance, it cannot be said that they would be deprived of the reasonable use of the land. Also, although a three-family apartment building would yield greater income for the Joneses, that fact alone is an insufficient basis upon which the BZA may grant a variance under the dictates of G.P.Z. § 1127.07(e).
Having carefully reviewed the entire record before us, and finding no evidence to suggest that the Joneses' would encounter any non-economic "practical difficulties" from a denial of their request, we have no choice but to find that the trial court abused its discretion in concluding that the BZA's grant of the Joneses' request was supported by a preponderance of reliable, probative, and substantial evidence. Consequently, we need not address the other arguments advanced by the Smiths. To the extent discussed above, therefore, the Smiths' sole assignment of error is sustained. Accordingly, we reverse the judgment of the trial court and enter judgment for the Smiths.
BROGAN, J. and FAIN, J., concur.
[1] The seven factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services; (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; and (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance. Duncan, 23 Ohio St.3d 83 at syllabus.