DECISION AND JOURNAL ENTRY
Appellant Angelisa Sisson has appealed from an order of the Medina County Court of Common Pleas affirming the decision of the Ohio Department of Human Services, which upheld a reduction of service hours under a medical waiver program. Because Appellant has failed to comply with the Ohio Rules of Appellate Procedure and the Local Rules of this Court, the appeal is dismissed.
 I.
On December 12, 1995, the Medina County Board of Mental Retardation Developmental Disabilities terminated its Program Specialist services to Appellant's family and reduced its paid homemaker/personal care hours from forty hours to thirty hours per week. As a result, Appellant filed objections with the Ohio Department of Human Services (ODHS). ODHS held a fact-finding, administrative hearing on June 3, 1996, which all parties attended. On September 11, 1996, the state hearing officer overruled Appellant's objections. Appellant appealed, and on October 2, 1996, the administrative hearing examiner affirmed.
On October 29, 1996, Appellant filed her administrative appeal in the Cuyahoga County Court of Common Pleas. In addition to setting forth her request for an administrative appeal, Appellant alleged certain civil rights violations by ODHS and various Medina County agencies. After various procedural motions, the Cuyahoga County Court of Common Pleas determined venue to be improper and transferred the matter to the Medina County Court of Common Pleas on December 17, 1997. The Medina Court of Common Pleas dismissed the civil rights claims and set a briefing schedule in which Appellant was required to file her brief by December 7, 1998.
Appellant failed to file a brief, and upon motion of ODHS, the Medina Court of Common Pleas proceeded with a review of the record. Oral arguments were held, but Appellant failed to appear. On January 27, 1999, the court affirmed the administrative hearing officer's decision holding that it was supported by reliable, substantial and probative evidence and was in accordance with the law. On February 19, 1999, Appellant, by and through her parent, timely appealed to this Court. She filed her "Pro Se Appellant's Brief" on June 11, 1999. ODHS filed its response on June 25, 1999. This matter was set for oral argument, and again, Appellant failed to appear. The appeal is now before this Court for final disposition.
 II.
Appellant filed an appellate brief on June 11, 1998. This brief fails, however, to comply with the mandates of App.R. 16 and 19 and Loc.R. 7(A). Specifically, Appellant has failed to provide a table of contents, App.R. 16(A)(1) and Loc.R. 7(A)(1); to include a table of authorities, App.R. 16(A)(2) and Loc.R. 7(A)(1); to set forth assignments of error, App.R. 16(A)(3) and Loc.R. 7(A)(2); to present a statement of the issues presented, App.R. 16(A)(4) and Loc.R. 7(A)(3); to include a separate statement of the facts, App.R. 16(A)(6) and Loc.R. 7(A)(5); to cite to relevant legal authorities supporting an argument, including the applicable standard of review, App.R. 16(A)(7) and Loc.R. 7(A)(6); and, to state the precise relief sought, App.R. 16(A)(8) and Loc.R. 7(A)(7).[1]
In fact, Appellant's brief appears to be a preprinted legal form which she completed by hand. The form posed five questions, each with a follow-up question allowing a party to clarify his or her answer. Appellant responded with one word answers and only answered the first four questions. She failed to respond to any of the follow-up questions and essentially left the remaining portions of the form blank.
This Court has previously held that where an appellant fails to properly brief and argue his or her assignments of error in the manner required by the Appellate Rules, the appeal may be dismissed. Hamilton v. Dolatowski (March 8, 2000), Medina App. No. 3006-M, unreported, at 2; Smythe, Cramer Co. v. Breckenridge RealEstate Marketing Group Inc. (February 9, 2000), Medina App. No, 2870-M, unreported, at 2; State v. Vandal (Jan. 26, 2000), Medina App. No. 2983-M, unreported, at 2-3; Fairlawn v. Figetakis (Jan. 26, 2000), Summit App. No. 19467, unreported, at 2; Niederhauserv. Stiffey (Jan. 26, 2000), Lorain App. No. 99CA007325, unreported, at 1-2. See, also, Loc.R. 7(F).
This Court notes that although proceeding pro se, Appellant is not entitled to disregard the appellate rules. A pro se
appellant is held to the same obligations and standards that apply to all litigants. Smythe, Cramer Co., supra, at 2-3; Figetakis,supra, at 2, citing Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363. As such, it is not the duty of this Court to create arguments for the parties and search the record for evidence to support them. Hamilton, supra, at 2; Ivery v. Ivery
(Jan. 12, 2000), Summit App. No. 19410, unreported, at 1-2, citingState v. Watson (1998), 126 Ohio App.3d 316, 321.
 III.
Appellant has failed to comply with App.R. 16 and Loc.R. 7, and in the end, Appellant's brief is completely void of any cognizable legal argument. As a result, this Court has no choice but to dismiss her appeal.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________ BETH WHITMORE
SLABY, P.J., CARR, J., CONCUR
[1] In the interest of justice, after reviewing the record, this Court would also note that Appellant would not have successfully appealed the trial court's decision in any event.
Appeals taken from an administrative agency's decision are governed by R.C. 119.12. Sucic v. Ohio Dept. of Human Serv. (Mar. 22, 2000), Medina App. No. 2841-M, unreported, at 3. In reviewing an order of an administrative agency under R.C. 119.12, a common pleas court's standard of review generally requires the court to affirm the agency's order unless it finds that the order is not supported by reliable, probative, and substantial evidence and is not in accordance with the law. Joudah v. Ohio Dept. of HumanServ. (1994), 94 Ohio App.3d 614, 616, citing Bottoms Up, Inc. v.Liquor Control Comm. (1991), 72 Ohio App.3d 726, 728, and Hall v.State Bd. of Landscape Architect Examiners (1993), 91 Ohio App.3d 401,402. In reviewing a common pleas court's determination as to a factual question, this Court must determine if the lower court accorded due deference to the agency in finding that the decision was supported by reliable, probative and substantial evidence.Joudah, at 617, citing R.C 119.12 and Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 343-344. In doing so, this Court must determine whether the trial court abused its discretion. Wise v.Ohio Motor Vehicle Dealers Bd. (1995), 106 Ohio App.3d 562, 565. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the [administrative agency] or a trial court." Sucic, at 4, quoting Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. In this instance, no such circumstances appear to be present.