DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the Ohio Real Estate Commission ("Commission"), appeals from the judgment of the Medina County Court of Common Pleas that vacated the Commission's decision to uphold the denial of appellee, Karen E. Hoaglund's ("Hoaglund") application for reinstatement of her real estate sales license, and ordered the Commission to conduct a new hearing. This Court affirms.
In March of 1996, Hoaglund received notice that her real estate sales license had been returned to the Ohio Division of Real Estate ("Division") for cancellation or inactive status. The notification informed Hoaglund that if she wanted to reactivate her license without having to take an examination, she had until December 31, 1998, to submit a reinstatement application.
Hoaglund submitted her reinstatement application in November of 1998. The Division rejected Hoaglund's application on the basis that she had failed to complete continuing education ("CE") requirements by July 31, 1998. Hoaglund appealed the Division's decision to the Commission. The Commission upheld the Division's denial of Hoaglund's reinstatement application and Hoaglund appealed the Commission's decision to the Medina County Court of Common Pleas.
The trial court found that because Hoaglund was never given notice that her license had been suspended due to her failure to complete her CE requirements by July 31, 1996, the Commission's decision was not in accordance with law. Accordingly, the court vacated the Commission's decision and ordered the Commission to hold a new hearing concerning the Division's denial of Hoaglund's reinstatement application. The court dictated that unless evidence is adduced at the re-hearing that Hoaglund was properly notified in accordance with R.C. 4735.141 and Ohio Adm. Code 301:5-7-02(L), the Commission shall not consider the fact that Hoaglund did not complete her CE requirements by July 31, 1996, or by July 31, 1998, in determining whether Hoaglund's reinstatement application was properly denied.
The Commission has timely appealed, asserting one assignment of error:
ASSIGNMENT OF ERROR
 THE COURT OF COMMON PLEAS ERRED IN SUBSTITUTING ITS JUDGMENT FOR THE JUDGMENT OF THE OHIO REAL ESTATE COMMISSION WHICH FOUND THAT THE SUPERINTENDENT'S DENIAL OF THE APPELLEE'S REINSTATEMENT APPLICATION WAS PROPER DUE TO APPELLEE'S FAILURE TO OBTAIN THE REQUIRED EDUCATIONAL REQUIREMENTS BY THE JULY 31, 1998 DEADLINE.
 In its single assignment of error, the Commission asserts that the trial court abused its discretion in vacating the decision of the Commission and ordering the Commission to conduct a new hearing on Hoaglund's reinstatement application. This Court disagrees.
This Court has previously explained our standard of review of administrative appeals involving purely questions of law:
 Under R.C. 119.12, a common pleas court may affirm an administrative agency's determination if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." This standard calls for two inquiries: a hybrid factual/legal inquiry, in which the agency's findings of fact are presumed correct, and a purely legal inquiry, in which questions of law are reviewed de novo. Ohio Historical Soc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466, 470-71, 613 N.E.2d 591; see, also, Joudah v. Ohio Dept. of Human Serv. (1994), 94 Ohio App.3d 614, 616-17, 641 N.E.2d 288. An appellate court's review is more limited than the common pleas court's: it is confined to determining whether the lower court abused its discretion. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. Gen. Motors Corp. v. Tracy (1995), 73 Ohio St.3d 29, 32, 652 N.E.2d 188. We will not substitute our judgment for the Commission's if some evidence supports the Commission's order. See Harris v. Lewis (1982), 69 Ohio St.2d 577, 578, 433 N.E.2d 223. On purely legal questions, however, our standard of review is still de novo.
 Moran v. Ohio Dept. of Commerce, Division of Real Estate (1996), 109 Ohio App.3d 494. In making a determination of the action by the Division and the Commission, it must be recognized that an administrative agency's interpretation of its own regulation is accorded considerable deference on judicial review unless it is inconsistent with the terms of the regulation. Ladd v. Ohio Counselor Social Worker Bd. (1991), 76 Ohio App.3d 323, 333.
 The facts in this case are undisputed. Hoaglund's license had been returned to the Division and placed on "canceled" status in March of 1996. Hoaglund was notified that, pursuant to R.C. 4735.09, she had until December 31, 1998 to apply for reinstatement of her license without having to take another qualifying examination.
Despite the fact that her license had been canceled, Hoaglund was required to satisfy continuing education ("CE") requirements by July 31, 1996. R.C. 4735.141(A) and (C); Ohio Adm. Code 1301:5-7-02(I). According to R.C. 4735.141(C), if Hoaglund failed to satisfy her CE requirements by July 31, 1996, her license would be automatically suspended. In that event, R.C. 4735.141(C) requires the superintendent of the Division to notify Hoaglund of the license suspension. The statute also contains a two-year saving period which granted Hoaglund until July 31, 1998, to complete her CE requirements. If Hoaglund failed to complete her CE requirements by July 31, 1998, her license would be automatically revoked. R.C. 4735.141(C).
Hoaglund did not complete her CE requirements by July 31, 1996. The Division did not send Hoaglund notice that her license was suspended. Hoaglund did complete her CE requirements in October of 1998. On November 9, 1998, Hoaglund filed her application for reinstatement, proof of CE compliance, and the reinstatement fee. The Division denied Hoaglund's application for reinstatement because she had not completed the required number of CE credits by July 31, 1998.
The trial court found that the Division was required to comply with the notice provisions of R.C. 4735.141(C) and Ohio Adm. Code 1301:5-7-02(L) when Hoaglund failed to complete her CE obligations by July 31, 1996, and therefore, the Commission could not base its decision to deny Hoaglund's reinstatement application on Hoaglund's failure to complete her CE requirements under R.C. 4735.141 and Ohio Adm. Code 1301:5-7-02(L).
The Commission avers that the Division was not obligated to provide Hoaglund with notice that her license had been automatically suspended for failing to comply with CE requirements because once Hoaglund's license had been returned to the Division, Hoaglund "was no longer a licensed real estate sales person." This Court disagrees.
R.C. Chapter 4735 does no define a "canceled" or a "suspended" license. It is clear, however, that "canceled" is not used in accordance with its ordinary meaning. Webster's Third International Dictionary (1993) 325, defines cancel as to "revoke, annul, invalidate, destroy, [or] ruin." This definition would support the Commission's contention that since Hoaglund's license had been canceled, she was no longer licensed and hence, could not be suspended. However, R.C. Chapter 4735.14(C) states that "[a] canceled license may be reactivated[.]" There is no similar provision for a "revoked" license. The Commission denied Hoaglund's reinstatement application on the basis that Hoaglund did not accede with the CE mandates. The mandates state that "[t]he status of an individual's license does not relieve the licensee of the continuing education requirement." Ohio Adm. Code 1301:5-7-02(I). Therefore, for purposes of fulfilling CE obligations, the Commission believes that a person who holds a "canceled" license is a licensee.
The Commission is afforded great deference in interpreting its regulations. Ladd, supra. We find, however, in this instance theCommission's decision is contrary to law. R.C. 4735.141 and Ohio Adm. Code1301:5-7-02 mandate the superintendent of the Division to notify a licensee that his or her license has been automatically suspended in the event that the licensee does not timely meet the CE requirements. Neither the statute nor the regulation make any distinction as to the license "status," both simply require the superintendent to notify all licensees who fail to timely meet their CE obligations of the automatic suspension.
Accordingly, this Court finds that the trial court did not err in finding that the Commission's decision was contrary to law. The Commission's sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR.