This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jerry Washington, appeals the decision of the Summit County Court of Common Pleas. We affirm.
 {¶ 2} The Akron Fire Department and the Akron Firefighters Association Local 330 composed a drug testing policy agreement in January 1996. The policy, entitled "Drug Screening Program for Uniformed Employees of the Akron Fire Division" ("DSP"), was incorporated into the collective bargaining agreement between Akron Firefighters Association Local 330 and the City of Akron ("the City"). Pursuant to the DSP, the Akron Fire Department initiated random drug testing in July 1996. The DSP was amended in 1998, and provides, in pertinent part:
 {¶ 3} "Employees who as a result of being drug tested are found to be using illegal drugs will be subject to dismissal. However, due consideration will be given to provision of rehabilitation through treatment programs in lieu of dismissal on a first offense. Voluntary submission to a rehabilitation program may be considered prior to imposition of a disciplinary penalty."
 {¶ 4} Mr. Washington was a firefighter/medic for the City. On July 27, 2000, Mr. Washington was selected for a random drug test. The Medical Review Officer confirmed that the test was positive for marijuana usage. After learning of the positive test, Mr. Washington voluntarily enrolled himself in a drug treatment program through the Employee Assistance Program ("EAP"). The Akron Fire Department Administration held a disciplinary hearing on August 2, 2000, at which time Mr. Washington was indefinitely suspended. A pre-termination hearing was held on August 4, 2000, at which the Deputy Mayor of Labor Relations recommended Mr. Washington be discharged. On August 23, 2000, a mayor's appeal hearing was held regarding the indefinite suspension and dismissal. On August 25, 2000, the mayor upheld Mr. Washington's indefinite suspension and dismissal. Mr. Washington then appealed to the Akron Civil Service Commission ("the Commission"). The Commission conducted a hearing and upheld the dismissal.
 {¶ 5} Mr. Washington then appealed the Commission's decision to the Summit County Court of Common Pleas pursuant to R.C. 2506.01. In a decision dated June 9, 2001, the trial court reversed the Commission's decision. The City appealed the trial court's decision to this Court. InWashington v. Civil Serv. Comm. of Akron, 9th Dist. No. 20620, 2002-Ohio-459, this Court reversed the trial court's decision on the grounds that the trial court did not give due deference to the Commission's decision.
 {¶ 6} Upon remand, the trial court affirmed the Commission's decision to uphold Mr. Washington's discharge. It is from this judgment that Mr. Washington now appeals.
 {¶ 7} Mr. Washington asserts one assignment of error:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN AFFIRMING THE COMMISSION'S DISCHARGE DECISION BECAUSE THE COMMISSION'S DECISION IS ARBITRARY, UNREASONABLE, AND UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE."
 {¶ 9} In his assignment of error, Mr. Washington asserts that the trial court abused its discretion in affirming the Commission's decision because the Commission's decision was arbitrary, unreasonable, and unsupported by the preponderance of substantial, reliable, and probative evidence. We disagree.
 {¶ 10} The Ohio Supreme Court set forth the trial court's standard of review of an administrative decision pursuant to R.C. 2506. The court stated:
 {¶ 11} "The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henleyv. Bd. Of Zoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493.
 {¶ 12} The standard of review for a court of appeals "is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. Abuse of discretion by the court of common pleas falls within the ambit of "questions of law" for appellate court review. Id. at fn. 4; see, also, Henley, 90 Ohio St.3d at 148.
 {¶ 13} An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 14} In the present case, the Commission found that the Fire Chief gave Mr. Washington due consideration of rehabilitation in lieu of discharge in accordance with the requirements in the DSP. The trial court did not abuse its discretion by affirming the ruling of the Commission. Although this Court does not agree with the trial court's reasoning, "`we will not reverse a correct judgment merely because of an erroneous rationale.'" In re The Proposed Annexation of 222.71 Acres (Sept. 12, 2001), 9th Dist. No. 20563, quoting State ex rel. Gilmore v. Mitchell
(1999), 86 Ohio St.3d 302, 303. This Court reaches the same result, but for different reasons than those stated by the trial court. Annexation of222.71 Acres.
 {¶ 15} The effective drug policy, the DSP, requires "due consideration will be given to provision of rehabilitation through treatment programs in lieu of dismissal on a first offense." Due consideration is defined as "[t]he degree of attention properly paid to something, as the circumstances merit." Black's Law Dictionary, (7 Ed.Rev. 1999) 516. See, also, generally, Alabama Pub. Serv. Comm. v. S.Bell Tel. and Telegraph Company (1958), 268 Ala. 312, 319; United Statesex rel. Maine Potato Growers Shippers Assn. v. Interstate CommerceComm. (C.A.D.C. 1937), 88 F.2d 780, 783. The DSP describes the relationship between rehabilitation and dismissal:
 {¶ 16} "Although rehabilitation is one of the principal mechanisms relied upon to reach the goal of this Program, rehabilitation is considered only secondary to the primary goal of ensuring safety. The Chief will, therefore, recommend referral to EAP only when the particular circumstances of an employee's case indicate that treatment will be both therapeutic, and a reasonable alternative to facilitating the goal of this program.
 {¶ 17} "* * *
 {¶ 18} "Participation in the EAP will not necessarily preclude disciplinary action with respect to any violations of the law or work rules and regulations."
 {¶ 19} This Court has held that the requirement of due consideration "does not preclude dismissal for a first offense." Allgoodv. City of Akron (2000), 136 Ohio App.3d 529, 534. Further, "[t]he City is not required to provide the opportunity for rehabilitation, even on a first offense." Id.
 {¶ 20} The City presented evidence to the Commission that due consideration was provided to Mr. Washington. At the Akron Fire Department hearing on August 2, 2000, the Fire Chief considered whether treatment would be both therapeutic, and a reasonable alternative to facilitating the goal of the program. The Fire Chief concluded that, because Mr. Washington asserted that this was a one time incident, the rehabilitation program was not appropriate for him. In support of the proposition that rehabilitation was not appropriate in lieu of dismissal, the City pointed to a training video used by the Akron Fire Department to explain the DSP policy. The transcript of the training video states that:
 {¶ 21} "if you come up positive on a random drug screen and on that day or the day after when you find out your positive and you wish to self-refer, it is to late, you cannot do that. Self-referral, to be effective under the new wording, must take place prior to being found positive on a random drug screen." [sic.]
 {¶ 22} Mr. Washington did not enter rehabilitation until after he learned his random test was positive. Given the above statements, the rehabilitation program was not meant to shield employees who tested positive from dismissal, rather, the EAP was meant to encourage those employees with drug problems to seek treatment prior to testing positive for drugs during a random drug test. The Fire Chief gave Mr. Washington's enrollment in the EAP due consideration and found that it was not the appropriate alternative to dismissal. The same evidence regarding Mr. Washington's rehabilitation efforts was presented at the pre-termination hearing and at the mayor's hearing. Mr. Washington admitted during the hearing before the Commission that the reason he went to the EAP program after his positive random test was in an effort to save his job.
 {¶ 23} Based on the foregoing facts, the Commission found that the Fire Chief gave Mr. Washington due consideration. The trial court gave the Commission's finding due deference and found that the Commission's decision was neither unconstitutional, illegal, arbitrary, capricious, or unreasonable, but is supported by a preponderance of substantial, reliable and probative evidence. This Court finds that the trial court's decision is supported by a preponderance of reliable, probative and substantial evidence. Kisil, 12 Ohio St.3d at 34. Therefore, the trial court did not abuse its discretion and Mr. Washington's assignment of error is overruled.
 {¶ 24} Mr. Washington's assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, P.J. CONCURS.