This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Albertson ("Albertson") appeals the judgment entered in the Lorain County Court of Common Pleas enjoining any further business or industrial use of Albertson's property located at 12566 Root Road in Columbia Township. We affirm.
 I.
From 1989 until 1994, John Pojman ("Pojman") owned a 59.10-acre parcel of land in Columbia Township. At some point, the 59.10-acre plot was subdivided, leaving a 45.8809-acre parcel that is the subject of this action. The 45.8809-acre parcel was zoned light and heavy industrial. During this period, Pojman used the property as a storage yard, where individuals could store vehicles and equipment for a fee.
In June 1994, Pojman sold the land to Dr. Moodley, who leased it back to Pojman. Pojman used the land as a horse farm and stable. Some limited storage of vehicles and equipment continued. A tree removal contractor and a snow removal contractor also stored vehicles and supplies there during this period. Pojman occupied the land through May 31, 1997, when the property ceased to be used for vehicle and equipment storage.
In January 1998, the Columbia Township Board of Trustees ("Township") rezoned the property from light and heavy industrial to residential, R-2, effective February 19, 1998. In March 1998, the property was rezoned to R-3 residential.[1] Albertson purchased the 45.8809-acre tract in December 1998. Albertson knew the property was zoned R-3 residential at the time of purchase.
The record reflects that Albertson operates an asphalt business on the property. He keeps vehicles and equipment used in his business on the property, including two eight-ton dump trucks, two one-ton dump trucks, one bobcat bulldozer, a one-half-ton roller, a paving machine and a sealing machine. The property also contains a business office. Employees are seen reporting to work on the property, leaving in company vehicles, and returning at the end of the workday.
The Township sent Albertson a Notice of Zoning Violation for violating Columbia Township Zoning Resolution 8.24, for operating an asphalt business in a residential district. Pursuant to R.C. 519.24, the Township then filed a complaint for preliminary and permanent injunctions against Albertson, in response to the zoning violations. The property is zoned residential, and, as such, use is limited to single family homes, certain child day care homes, and extended family dwelling units. See Columbia Township Zoning Resolution 8.24. The Township sought to permanently enjoin Albertson from operating an asphalt business or any other like business on the property.
The case was tried before the court on January 3rd and 4th, 2001. The court found that Albertson's business use of the property was unlawful and contrary to Columbia Township's Zoning Resolution, based on two different grounds: 1) Albertson's use was not existing at the time of the zoning change and cannot therefore be a valid nonconforming use; and 2) Albertson enlarged and extended the prior business use, in violation of the zoning resolution. On January 16, 2001, the court enjoined Albertson from operating an asphalt business, storing vehicles, or operating any similar business on the property. The court further ordered Albertson to cease all industrial or business use on the property.
This appeal followed. Appellant asserts six assignments of error. Because Albertson's first, third, and fourth assignments of error are related, we will address them as a group, but in a different order for ease of review.
 II. Assignment of Error I
 THE LOWER COURT ERRED WHEN IT FAILED TO PLACE THE BURDEN OF PROOF UPON COLUMBIA TOWNSHIP TO SHOW THAT A ZONING VIOLATION OCCURRED BECAUSE THERE WAS A VOLUNTARY DISCONTINUANCE OF A NON-CONFORMING [sic] USE FOR TWO YEARS OR MORE.
 Assignment of Error III
 THE LOWER COURT ERRED WHEN IT HELD THAT AN INCREASE IN THE AMOUNT, INTENSITY, OR VOLUME OF BUSINESS DOES REPRESENT A CHANGE IN ZONING USE OR AN UNLAWFUL EXTENSION OF NON CONFORMING [sic] USE.
 Assignment of Error IV
 THE LOWER COURT ERRED WHEN IT HELD THAT THERE EXISTED CLEAR AND CONVINCING EVIDENCE THAT THERE EXISTED NO LAWFUL AND EXISTING CONTRACTOR'S STORAGE BUSINESS AS A NON-CONFORMING USE WHEN A TOWNSHIP PRESENTS NO EVIDENCE REFUTING THE PROPERTY OWNER'S EVIDENCE CONCERNING THE EXISTENCE OF A CONTRACTOR'S STORAGE BUSINESS AS A NON-CONFORMING [sic] USE.
In his first, third, and fourth assignments of error, Albertson addresses the issue of whether there was a valid nonconforming use on the property. Albertson argues that the trial court failed to place the burden of proof on the Township to prove the zoning violation, that the Township failed to meet its burden concerning nonconforming use, and that the trial court erred in finding that Albertson's increase in amount, intensity, and volume of business constituted an unlawful extension of his nonconforming use. We disagree.
In an action for a zoning violation, the Township has the initial burden of proving the violation. Schmidt v. Barton (Jan. 12, 1977), Summit App. No. 8184, unreported, at 6. The landowner claiming the defense of a valid nonconforming use must then prove that such nonconforming use existed prior to the change in the zoning resolution.Petti v. Richmond Hts. (1983), 5 Ohio St.3d 129, 131, fn. 1.
A nonconforming use of land is a use that was lawful before the enactment of a zoning amendment and, even though that use is no longer valid under the current zoning scheme, may be lawfully continued.C.D.S., Inc. v. Gates Mills (1986), 26 Ohio St.3d 166, 168; R.C. 519.19. "The Fourteenth Amendment to the United States Constitution and Section16, Article I of the Ohio Constitution recognize a right to continue a given use of real property if such use is already in existence at the time of the enactment of a land use regulation forbidding or restricting the land use in question." Dublin v. Finkes (1992), 83 Ohio App.3d 687,690, citing Akron v. Chapman (1953), 160 Ohio St. 382, paragraph two of the syllabus.
To prevail on a claim for nonconforming use, the landowner must prove by a preponderance of the evidence that the use existed on the effective date of the zoning change and that the use was legal at that time. SeeBooghier v. Wolfe (1990), 67 Ohio App.3d 467, 473. R.C. 519.19 provides that the use must be "existing and lawful at the time of enactment of a zoning resolution or amendment thereto."[2] "R.C. 519.19 only protects existing uses and not nonexisting future uses." Jackson Twp. Bd. ofTrustees v. Donrey Outdoor Advertising Co. (Sept. 21, 1999), Franklin App. No. 98AP-1326, unreported.
The weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact, whether the case is a civil or criminal action. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. A review of the weight of the evidence determines whether a party has met its burden of persuasion. State v. Angle (Jun. 2, 1999), Medina App. No. 2875-M, unreported, at 7. Before an appellate court will reverse a judgment as against the manifest weight of the evidence, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In this case, the trial court found that Albertson failed to establish a legal business use of the property existing at the time of the zoning amendment. The record reflects that no business was conducted on the property from May 1997 until early 1999, a few months after Albertson purchased the land. When the property was rezoned from industrial to residential use effective in February 1998, the property was not being used for business purposes. We cannot say that the trial court lost its way and created a manifest miscarriage of justice when it found that no nonconforming use existed. Albertson's fourth assignment of error is overruled.
Albertson also asserts that the Township had the burden to prove that there was a voluntary discontinuance of a nonconforming use and that the Township failed to meet that burden. Both R.C. 519.19 and Columbia Township Zoning Resolution 4.20 contain provisions stating that if a property owner voluntarily discontinues a nonconforming use on the property for a period of two years, the property owner loses the right to the nonconforming use. However, as we have already stated that no valid nonconforming use existed, neither R.C. 519.19 nor section 4.20 of the zoning resolution applies, and the issue of voluntary discontinuance is irrelevant. See Columbia Twp. Bd. of Trustees v. Buchman (Mar. 18, 1987), Lorain App. No. 4049, unreported, at 3. Albertson's first assignment of error is overruled.
In his third assignment of error, Albertson argues that the trial court erroneously found that his use of the property constituted an invalid enlargement and extension of a nonconforming use. We have already found that Albertson's use of the property was not a valid nonconforming use. There can be no expansion of a nonconforming use without the existence of a valid nonconforming use. Therefore, Albertson's third assignment of error is overruled.
Albertson's first, third, and fourth assignments of error are overruled.
 III. Assignment of Error II
 THE LOWER COURT ERRED WHEN IT GRANTED INJUNCTIVE RELIEF TO COLUMBIA TOWNSHIP SINCE IT FAILED TO SHOW AND ESTABLISHED [sic] BY CLEAR AND CONVINCING EVIDENCE ALL OF THE NECESSARY ELEMENTS FOR AN INJUNCTION ENJOINING A VIOLATION OF THE ZONING LAWS.
In his second assignment of error, Albertson argues that the Township did not meet its burden of proof in respect to the injunction. He argues that the trial court erroneously granted the injunction.
The decision to grant or deny an injunction is solely within the discretion of the trial court. Danis Clarkco Landfill Co. v. ClarkCounty Waste Mgt. Dist. (1995), 73 Ohio St.3d 590, paragraph three of the syllabus. An appellate court cannot reverse that decision absent an abuse of discretion. Id. An abuse of discretion is more than merely an error. It must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
The Township brought this action pursuant to R.C. 519.24. R.C. 519.24
provides injunctive relief, in addition to other remedies provided by law, to enjoin use of land in violation of zoning regulations. In order for the trial court to grant an injunction under this section, the Township is required to prove only the violation of the zoning resolution; it need not prove irreparable injury or that there is no adequate remedy at law. Union Twp. Bd. of Trustees v. Old 74 Corp. (2000), 137 Ohio App.3d 289, 294.
The record reflects that Albertson was the owner of the property, and that he was operating an asphalt business on the land. The Township submitted zoning maps and testimony to show that the property was zoned residential. The record also contains Columbia Township's Zoning Resolution, detailing which uses are permitted in residential districts. The trial court found that Albertson was in violation of the zoning resolution, as operation of an asphalt business is not considered a permitted use of property in a residential district. We cannot say that the trial court abused its discretion in granting the injunction. Albertson's third assignment of error is overruled.
 IV. Assignment of Error V.
 THE LOWER COURT'S DECISION IS UNCONSTITUTIONAL AS A VIOLATION OF THE CONSTITUTIONAL RIGHT OF EQUAL PROTECTION OF THE LAW UNDER ARTICLE 1, SECTION 2 OF THE OHIO CONSTITUTION AND THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND DUE PROCESS OF LAW UNDER ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN A PROPERTY OWNER WHO IS TEMPORARILY OUT OF USE, DURING A PERIOD OF LESS THAN TWO YEARS, WHEN HIS LAND IS REZONED AND IS DENIED THE BENEFIT OF THE NON-CONFORMING [sic] USE STATUTE AS COMPARE [sic] TO AN [sic] PROPERTY OWNER OF LAND IN USE AT THE TIME OF THE REZONING.
In Albertson's fifth assignment of error, he argues that he is being denied equal protection of the law in connection with the nonconforming use statute and zoning resolution. In essence, Albertson argues that the statute and resolution are unconstitutional because they treat a property owner whose property is temporarily out of use differently than one whose property is in use at the time of the zoning amendment.
After careful review of the record, we find that Albertson did not raise the constitutionality of R.C. 519.19 or Columbia Township Zoning Resolution 4.20 at the trial level. Failure to raise the constitutionality of a statute or its application at the trial court level, when the issue is apparent at that time, constitutes a waiver of that issue, and therefore the issue need not be heard for the first time on appeal. State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Having failed to raise this issue in the trial court, Albertson has waived review on appeal of the constitutionality of the zoning resolution. Albertson's assignment of error challenging the constitutionality of the zoning resolution and the nonconforming use statute on equal protection grounds is hereby overruled.
 V. Assignment of Error VI.
 THE LOWER COURT'S DECISION TO ENJOIN ALL OTHER BUSINESS/INDUSTRIAL ACTIVITIES OTHER THAN THE OPERATION OF AN ASPHALT BUSINESS IS A VIOLATION OF THE CONSTITUTIONAL RIGHT OF PROCEDURAL DUE PROCESS OF LAW UNDER ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN A PROPERTY OWNER IS DENIED NOTICE AND AN OPPORTUNITY TO BE HEARD PRIOR TO THE ENJOINING OF ALL OTHER BUSINESS/INDUSTRIAL ACTIVITIES OTHER THAN ACTIVITY OF AN ASPHALT BUSINESS.
In his final assignment of error, Albertson argues that he was denied due process of law as required by both the United States Constitution and the Ohio Constitution when the trial court enjoined all business and industrial activities, not merely the asphalt business, on Albertson's property. We disagree.
Before a protected liberty or property interest may be infringed, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. State v. Hochhausler (1996),76 Ohio St.3d 455, 459. The particular set of circumstances dictates the actual procedures required. Id., quoting Cafeteria Restaurant WorkersUnion v. McElroy (1961), 367 U.S. 886, 895, 6 L.Ed.2d 1230, 1236. "At a minimum, the constitutional guarantee of Due Process requires that `deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Riffe v. Ohio Real Estate (1998), 130 Ohio App.3d 46, 51, quoting Boddie v. Connecticut (1971), 401 U.S. 371, 378, 28 L.Ed.2d 113,119.
In this case, the Township's Verified Complaint for Permanent Injunction expressly seeks relief enjoining Albertson's operation of an asphalt or any similar business and the continued violation of zoning resolutions. Furthermore, when the Township cited Albertson with zoning violations, he was on notice of the zoning resolution prohibiting business and industrial uses, uses that are not permitted in a residentially zoned area. We find that Albertson was afforded an opportunity to be heard on this issue. He had notice of such a claim and the court presented him with the opportunity to address this issue at the trial.
We therefore overrule Albertson's sixth assignment of error.
 VI.
Having overruled Albertson's six assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
WILLIAM R. BAIRD, WHITMORE, J. CONCURS CARR, J., CONCURS IN JUDGMENT ONLY.
[1] The difference between R-2 and R-3 residential zoning districts in Columbia Township is the minimum lot size required.
[2] Section 4.20 of Columbia Township's zoning resolution contains a similar provision.